HOCKING CONSERVANCY DISTRICT, APPELLEE, *v.*
DODSON-LINDBLOM ASSOCIATES, INC., ET AL., APPELLANTS.

[Cite as Hocking Conservancy Dist. v.
Dodson-Lindblom Assoc. (1980), 62 Ohio St. 2d 195.]

(No. 79-1472—Decided May 14, 1980.)

*Mr. James F. Shumaker,* for appellee.

*Messrs. Lane, Alton & Horst, Mr. Jeffrey W. Hutson* and *Mr. James K. Reuss,* for appellants.

LOCHER, J.   The sole issue in the instant cause is whether the one-year statute of limitations, under the purview of R. C. 2305.11(A), applies to negligence actions brought against a professional engineer. More precisely, the issue is whether negligence by a professional engineer constitutes "malpractice" within the meaning of R. C. 2305.11(A).

R. C. 2305.11(A) reads, in pertinent part, as follows:

*"An action for* libel, slander, assault, battery, malicious prosecution, false imprisonment, or *malpractice, including an action for malpractice against a physician, podiatrist, or a hospital,* or upon a statute for a penalty or forfeiture, *shall be brought within one year after the cause thereof accrues\*\*\*."* (Emphasis added.)

Although reaching polar determinations as to the law, both the Court of Appeals for Franklin County and the Court of Appeals for Athens County rely on this court's opinion in *Richardson* v. *Doe* (1964), 176 Ohio St. 370. The court, in *Richardson,* refused to expand the meaning of "malpractice," as contained in R. C. 2305.11(A), to apply to nurses. Rather, the court limited the term "malpractice" to lawyers and physicians, in accordance with the common-law meaning.

In *Matthews* v. *Walker* (1973), 34 Ohio App. 2d 128, the Court of Appeals for Franklin County extended the protection afforded by R. C. 2305.11(A) to podiatrists even though, at the time, such protection was not specifically enumerated in the statute.[1]

In *Avery* v. *Blind, supra* (7 Ohio Ops. 3d 269), that same court emphasized the language employed in *Richardson, supra,* concerning the difference between the function of physicians and nurses. The court, in *Richardson,* did note that a nurse does not exercise any independent judgment, where-

---

[1] As noted herein, the amendment of R. C. 2305.11, in 1976, was specifically extended to include podiatrists.

as a physician does exercise independent judgment. Judge Matthias stated, in *Richardson, supra,* at page 373, as follows:

"There is no compelling reason for a nurse to be given the protection of a one-year statute of limitations. A nurse, although obviously skilled and well trained, is not in the same category as a physician who is required to exercise his *independent judgment* on matters which may mean the difference between life and death.***" (Emphasis added.)

Focusing on whether a professional exercises independent judgment, the court, in *Avery, supra,* expanded the one-year statute of limitations to accountants, because they exercise independent judgment in their profession.

The decisions of the Court of Appeals for Franklin County reflect the inclusion of professionals within R. C. 2305.11 if there is an exercise of independent judgment by the professional. Accordingly, that court expanded the term "malpractice" beyond its common-law meaning, which was restricted to only physicians and lawyers.

The Court of Appeals for Athens County neglected this "professional-independent judgment test" and properly limited the term "malpractice" to its common-law meaning.

The court, in *Richardson, supra,* at pages 372-373, notes that:

"At the time this statute was enacted, the common meaning and legal definition of the term, 'malpractice,' was limited to the professional misconduct of members of the medical profession and attorneys. See *Long* v. *Bowersox,* 8 N. P. (N.S.), 249, 254. Thus, when this amendment was enacted, it was not meant to apply to nurses.

"*Today, the term malpractice is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited common-law definition.* It is well established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense. *Grogan* v. *Garrison,* 27 Ohio St., 50, 63." (Emphasis added.)

Furthermore, this court, in *Richardson, supra,* determined that any change in this area of the law should emanate from the General Assembly. Judge Matthias, in *Richardson,* invited

the legislature to amend R. C. 2305.11 if it wished to extend it to other groups or professions. The court stated, at page 373, that:

"If the General Assembly had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered."

In 1975 and 1976, the General Assembly did amend R. C. 2305.11(A). The relevant changes resulted in the addition of the phrase, "including an action for malpractice against a physician, podiatrist, or a hospital," after the term "malpractice."[2] The inclusion of three specific medical classes does not indicate that the General Assembly has accepted Judge Matthias' invitation to extend the one-year statute of limitations to professional negligence actions outside the legal, health care and medical areas. The application of the "professional-independent judgment test," espoused in *Avery*, would expand R. C. 2305.11(A) to almost all general occupations which require any amount of independent judgment.

We do not feel that the General Assembly intended such an encompassing result. Accordingly, the judgment of the Court of Appeals for Athens County is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS and SWEENEY, JJ., concur.

HOLMES, J., dissents.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.

HOLMES, J., dissenting. I have had a great deal of reservation in accepting the principle that we must continue the more limited common law definition of "malpractice." I was in agreement with the panel of the Tenth District Court of Appeals when it extended the one-year statute of limitations to accountants upon the basis that such professionals exercise independent judgment, as do physicians and attorneys.

A number of appellate decisions have held the practice of

---

[2] Prior to these amendments, the statute, in pertinent part, read as follows:

"An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued * * *."

dentistry to fall within the orbit of the statute of limitations pertaining to malpractice. See, *e.g., Cox* v. *Cartwright* (1953), 96 Ohio App. 245; *Cook* v. *Yager* (1968), 13 Ohio App. 2d 1. I agree with this line of cases.

It would also seem to be reasonable to extend the one-year limitation to the profession of engineering, where in the functions of such profession there is usually to be found the exercise of a high degree of independent judgment. The majority herein not seeing fit to go further than what is specifically provided for by statute, and that which has been included within the common law definition of "malpractice," I must dissent.