WHITT ET AL., APPELLANTS, *v.*
COLUMBUS COOPERATIVE ENTERPRISES, D.B.A.
CO-OP OPTICAL, ET AL., APPELLEES.

(No. 80-713—Decided December 30, 1980.)

356

*Mr. E. Bruce Hadden* and *Mr. Nicholas W. Zuk,* for appellants.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William L. Schmidt* and *Mr. Irving B. Marks,* for appellee James H. Connor.

*Mr. George W. Ankney, Jr.,* for appellee George W. Knox.

*Messrs. McNamara & McNamara, Mr. John L. Miller* and *Mr. Dennis D. Liston,* for appellee Columbus Cooperative Enterprises.

STILLMAN, J. The sole issue in the instant cause is whether the one-year statute of limitations, under the purview of R. C. 2305.11(A), or the two-year statute of limitations, under R. C. 2305.10, is applicable to a negligence action against an optometrist.[1] Stated otherwise, the issue is whether negligence by an optometrist constitutes "malpractice" within the meaning of R. C. 2305.11(A).[2]

The common-law meaning of malpractice was restricted to intentional or negligent acts by physicians and lawyers. That meaning was given to the term "malpractice" in the original version of R. C. 2305.11.[3] In 1975 and 1976, the General Assembly amended R. C. 2305.11(A). The relevant changes resulted in the addition of the phrase, "including an action for malpractice against a physician, podiatrist, or a hospital," after the term "malpractice."[4]

---

[1] R. C. 2305.11(A) reads in relevant part:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued***."

R. C. 2305.10 provides:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

[2] During the course of this litigation, the parties have assumed that Earle Whitt's claim for loss of consortium, loss of services and medical expenses rises and falls with his wife's claim. Whether a spouse's claim arises from alleged medical malpractice under R. C. 2305.11(A) or from bodily injury under R. C. 2305.10, the other's claim for loss of consortium, loss of services and medical expenses is governed by the four-year time limitation set forth in R. C. 2305.09(D). *Amer* v. *Akron City Hospital* (1976), 47 Ohio St. 2d 85, and *Dean* v. *Angelas* (1970), 24 Ohio St. 2d 99.

[3] R. C. 2305.11, in pertinent part, originally read as follows: "An action for***malpractice***shall be brought within one year after the cause thereof accrued***."

[4] R. C. 2305.11(D) was added to the section. It provides:

"As used in this section:

"(1) 'Hospital' includes any person, corporation, association, board, or authority responsible for the operation of any hospital licensed or registered in the state, including without limitation those which are owned or operated by the state, political subdivisions, any person, corporation, or any combination thereof. Such term further includes any person, corporation, association, board, entity, or authority responsible for the operation of any clinic that employs a full-time staff of physicians practicing in more than one recognized medical specialty and rendering advice, diagnosis, care and treatment to individuals. It does not include any hospital operated by the government of the United States or any branch thereof.

This court recently interpreted R. C. 2305.11(A), as amended, in *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195, a case involving the applicability of the statute to negligence by a professional engineer. In that case, this court held as follows: "The statute of limitations contained in R. C. 2305.11(A) is limited to the areas specifically enumerated therein and to the common-law definition of 'malpractice.'"

Further, in *Hocking Conservancy Dist., supra,* this court noted, at 198, that "***[t]he inclusion of three specific medical classes does not indicate that the General Assembly has accepted Judge Matthias' invitation [in *Richardson* v. *Doe* (1964), 176 Ohio St. 370] to extend the one-year statute of limitations to professional negligence actions outside the legal, health care and medical areas." Citing this sentence, appellees contend that as optometry is a health care profession, a negligence action against an optometrist is barred unless brought within the one-year time limitation of R. C. 2305.11(A). The reference to health care and medical areas in *Hocking Conservancy Dist., supra,* serves to illustrate the character of those professions included within the ambit of R. C. 2305.11(A) malpractice actions and is not intended to expand the protection given by that statute to health care and medical professions other than those specifically enumerated or within the common-law definition.

If the General Assembly had wished to protect groups which are not traditionally associated with malpractice, such as optometrists and dentists, it would have listed them under R. C. 2305.11(A), as it did by amendment for podiatrists and hospitals, or included them in an expanded definition of "physician" under R. C. 2305.11(D). *Hocking Conservancy Dist., supra,* and *Richardson* v. *Doe, supra.* We do not feel that the General Assembly intended to extend the one-year

"(2) 'Physician' means all persons who are licensed to practice medicine and surgery or osteopathic medicine and surgery by the state medical board.

"(3) 'Medical claim' means any claim asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person.

"(4) 'Podiatrist' means all persons who are licensed to practice podiatric medicine and surgery by the state medical board."

statute of limitations to negligence actions against all professionals in the health care field. Accordingly, we find that negligence by an optometrist is not within the meaning of malpractice under R. C. 2305.11(A). The applicable statute of limitations is the two-year time limitation for bodily injury under R. C. 2305.10.

Accordingly, the judgment of the Court of Appeals for Franklin County is reversed as to the issue of the applicability of the statute of limitations, and the cause is remanded to the Court of Common Pleas for proceedings consonant with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

STILLMAN, J., of the Eighth Appellate District sitting for DOWD, J.

HOLMES, J., concurring. On the basis of this court's determination in *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195, and the doctrine of *stare decisis,* I must concur.