REESE, APPELLANT, *v.* K-MART CORPORATION, APPELLEE.

124

(No. 81AP-439—Decided December 10, 1981.)

*Strip, Fargo, Schulman & Hoppers Co., L.P.A., Mr. John Z. Fargo* and *Mr. I. M. Harris,* for appellant.

*Messrs. Lane, Alton & Horst, Mr. Jack R. Alton* and *Mr. Gregory D. Rankin,* for appellee.

COOK, J. On April 30, 1978, appellant, Myrtle Reese, filed in the Franklin County Municipal Court a complaint against appellee, K-Mart Corporation, alleging that appellee negligently filled her medicinal prescription.

Appellee moved for summary judgment on the ground that appellant's action was barred by the statute of limitations as set forth in R.C. 2305.11. On April 20, 1981, the trial court granted appellee's motion.

Appellant has appealed the judgment of the trial court and filed the following assignment of error:

"The trial court erred as a matter of law in holding that Section 2305.11 of the Ohio Revised Code applies to pharmacists."

The assigned error is well taken.

R.C. 2305.11(A), in pertinent part, reads as follows:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued * * *."

"The statute of limitations contained in R.C. 2305.11(A) is limited to the areas specifically enumerated therein and to the common-law definition of 'malpractice.' (*Hocking Conservancy Dist.* v. *Dodson-*

*Lindblom Assoc.,* 62 Ohio St. 2d 195 [16 O.O.3d 217], approved and followed.)" *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355 [18 O.O.3d 512].

The common-law meaning of malpractice was restricted to intentional or negligent acts by physicians and lawyers. *Whitt, supra* at page 357; *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195 [16 O.O.3d 217].

In *Whitt,* the court stated at pages 358-359:

"If the General Assembly had wished to protect groups which are not traditionally associated with malpractice, such as optometrists and dentists, it would have listed them under R.C. 2305.11(A), as it did by amendment for podiatrists and hospitals, or included them in an expanded definition of 'physician' under R.C. 2305.11(D). *Hocking Conservancy Dist., supra,* and *Richardson* v. *Doe, supra* [(1964), 176 Ohio St. 370]. We do not feel that the General Assembly intended to extend the one-year statute of limitations to negligence actions against all professionals in the health care field. * * *"

While it is true that pharmacists are "professionals in the health care field," they are not enumerated in R.C. 2305.11(A) and do not fall within the common-law definition of "malpractice." Therefore, the one-year statute of limitations set forth in said statute does not apply to the negligent acts of pharmacists.

For the foregoing reasons, appellant's assignment of error is sustained, and this cause is remanded to the trial court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

STRAUSBAUGH, P.J., and NORRIS, J. concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Tenth Appellate District.