DAUGHTRY, APPELLANT, *v.* DOE ET AL., APPELLEES.

(No. C-830308—Decided February 1, 1984.)

*Mr. Joseph W. Shea III,* for appellant.

*Messrs. Lindhorst & Dreidame* and *Mr. Stephen A. Bailey,* for appellee Sanford Scheingold.

BLACK, J. Plaintiff, Daisy E. Daughtry, brought an action for personal injuries against her dentist, Sanford Scheingold, after he fitted her for dentures, performing surgery on December 10, 1980, so that the dentures would fit. Plaintiff complained that her lower lip and chin were numb and that she could not move her jaw properly. Plaintiff alleges that defendant was negligent in severing her mental nerve.

Plaintiff brought her action on March 12, 1982, and the trial court granted Scheingold's motion for sum-

mary judgment based upon the statute of limitations. Plaintiff's single assignment of error is that this was erroneous, claiming that her action is governed by the two-year bodily injury (negligence) statute of limitations, R.C. 2305.10. Defendant contends that the action is governed by the one-year malpractice statute of limitations, R.C. 2305.11.

The dispute hinges upon whether R.C. 2305.11(A) (effective in 1976) applies to dentists. R.C. 2305.11(A) states. in pertinent part that "[a]n action for * * * malpractice, including an action for malpractice against a physician, podiatrist, or hospital * * * shall be brought within one year after the cause thereof accrued * * *."

In interpreting R.C. 2305.11(A), the Supreme Court held in *Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195 [16 O.O.3d 217], syllabus, that "[t]he statute of limitations contained in R.C. 2305.11(A) is limited to the areas specifically enumerated therein and to the common-law definition of 'malpractice.'" Because dentists are not specifically enumerated in the 1976 statute, the issue becomes whether dentists are within the common law definition of malpractice.[1]

The Supreme Court in *Hocking Conservancy Dist.* noted that nurses were not within the common law definition of malpractice, because at the time R.C. 2305.11 was enacted, the " 'the common meaning and legal definition of the term, "malpractice," was limited to the professional misconduct of members of the medical profession and attorneys.' " *Id.* at 197. It is clear that the majority in *Hocking Conservancy Dist.* meant to limit the definition of common law mal-

practice to physicians and attorneys, a fact noted by the dissenting justice who wished to expand the majority definition so that it would include those professionals who exercise independent judgment, specifically including dentists. *Id.* at 199, (Holmes, J., dissenting).

The Supreme Court has referred to dentists in relation to 2305.11(A) on two occasions. In *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355 [18 O.O.3d 512], the court held that an optometrist was not included under the common law meaning of malpractice. In its discussion, the court stated that "[i]f the General Assembly had wished to protect groups which are not traditionally associated with malpractice, such as optometrists and dentists, it would have listed them under R.C. 2305.11(A) * * *." *Id.* at 358.

This dicta is inconsistent with earlier dicta in *Klema* v. *St. Elizabeth's Hospital* (1960), 170 Ohio St. 519 [11 O.O.2d 326], a case that dealt with liability of a hospital for the negligence of an anesthetist. In its decision the court stated that "the defendant has cited to us several decisions of Courts of Appeals to the effect that actions against physicians and dentists by patients are actions for malpractice and not based on contracts. With these decisions we agree." *Id.* at 521.

Two Ohio Courts of Appeals cases have held that dentists are within the law of malpractice, *Cook* v. *Yager* (1968), 13 Ohio App. 2d 1 [42 O.O.2d 33], and *Cox* v. *Cartwright* (1953), 96 Ohio App. 245 [54 O.O. 281], but their reasoning is not persuasive, and we have chosen not to follow them.[2] We hold, in agreement

---

[1] Dentists are specifically enumerated in the revised statute effective March 15, 1982, so that in negligence actions against dentists under the new statute, the one-year statute of limitations clearly applies.

[2] The *Cox* decision was based upon the fact that a dentist is a licensed professional with a specialized skill. This reasoning is not persuasive, because *Hocking Conservancy Dist.* specifically rejected a loose definition of

with the Court of Appeals for Cuyahoga County, *Lisi* v. *Crocco* (Jan. 8, 1981), Cuyahoga App. No. 42499, unreported, that the reasoning of *Hocking Conservancy Dist.* controls and that dentists should not be included under R.C. 2305.11(A).

We believe that the dicta in *Klema* is outweighed by the Supreme Court's more recent definition of malpractice in *Hocking Conservancy Dist.* and the dicta in *Whitt*. Also, the 1982 listing of dentist's claims in R.C. 2305.11(A) indicates that they were not deemed to be included in the word "malpractice."

We hold that the 1976 version of R.C. 2305.11 did not apply to dentists. It was error for the trial court to grant defendant's motion for summary judgment as plaintiff's action was brought within the two-year statute of limitations for negligence actions, assuming her cause of action arose at the time of the operation; clearly the earliest time it could have arisen. Appellant's assignment of error is well-taken, and the judgment below is reversed and remanded for further proceedings.

*Judgment reversed.*

PALMER, P.J., and KEEFE, J., concur.

---

malpractice which focused on whether the defendant was a trained professional and limited malpractice to its common law definition of physicians and lawyers. *Hocking Conservancy Dist., supra*, at 197. *Cook* was based upon *Cox* and the dicta in *Klema*.