520 So.2d 601 (1987)
PANTHER AIR BOAT CORPORATION, Appellant,
v.
MacMILLAN-BUCHANAN & KELLY INSURANCE AGENCY, Etc., Appellee.
Nos. 86-724, 86-1315.
District Court of Appeal of Florida, Fifth District.
September 24, 1987.
On Motion for Rehearing February 25, 1988.
*602 William T. McCluan, of Holland, Starling and Severs, P.A., Melbourne, for appellant.
Janet R. DeLaura, of Smalbein, Eubank, Johnson, Rosier and Bussey, P.A., Rockledge, for appellee.
UPCHURCH, Chief Judge.
In this appeal from final summary judgments, the issue presented is whether an insurance agent is a "professional" subject to a two year statute of limitations for malpratice. Appellant Panther Air Boat Corporation had an insurance policy with MacMillan-Buchanan & Kelly Insurance Agency. The insurance carrier for MacMillan was appellee Charter Oak Fire Insurance.
Panther was sued for the loss of an airboat belonging to a customer. The airboat was destroyed by fire while being water tested by Panther. It was determined that this loss was not covered under Panther's policy with Charter Oak. Panther filed the instant action against MacMillan and its alleged principal, Charter Oak, for breach of an oral contract, refusing to defend and negligence for failing to provide coverage or to inform Panther that coverage was unavailable for water testing.
The trial court entered summary final judgment in favor of MacMillan because the insurance agents were professionals under Florida law and thus the two year statute of limitations had expired. Summary judgment was also granted as to Charter Oak based upon this court's opinion in Wilhelm v. Traynor, 434 So.2d 1011 (Fla. 5th DCA 1983), which held that a principal is not vicariously liable where the cause of action against the agent is time barred.
The first question presented is whether an insurance agent can be considered as a professional under the professional malpractice statute of limitations,[1] which provides:
(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
§ 95.11(4)(a), Fla. Stat. (1985).
The term "profession" varies with the context in which it is used. In Black's Law Dictionary, the following definition appears:
Profession. A vocation or occupation requiring special, usually advanced, education and skills, e.g. law or medical professionals. The term originally contemplated only theology, law and medicine, but as applications of science and learning are extended to other departments of affairs, other vocations also receive the name, which implies professed attainments in special knowledge as distinguished from mere skill.
*603 Black's Law Dictionary 1089 (rev. 5th ed. 1979).
In Webster's the noun "professional" is defined as one who engages in a pursuit or activity often engaged in by amateurs as well as one engaged in one of the learned callings. Webster's Third New International Dictionary 1811 (17th ed. 1976). Thus, we have professional actors, boxers, golfers, tennis and football players, etc. The distinction being that they are so engaged for financial remuneration rather than for sport or pleasure, i.e. amateurs. Others are engaged in activities for remuneration which are not traditionally thought of as "professional"; for example, mechanics, electricians, plumbers, real estate agents, bankers, investment counselors, appraisers, yacht surveyors, etc. and whose skill, counsel and judgment is actively sought and relied upon by lay members of the community. Into this latter class, we believe that insurance agents also fall. Then there are the traditional "professionals", those engaged in a profession, such as doctors, lawyers, theologians.
In Cristich v. Allen Engineering, Inc., 458 So.2d 76 (Fla. 5th DCA 1984), we held that a land surveyor is a professional for purposes of section 95.11. We can find no rational distinction between that occupation and the one in issue here. In this instance, Panther bases its claim on the MacMillan's failure to properly advise and obtain the necessary coverage for its business. It therefore becomes obvious that Panther was relying on the special skill and training of MacMillan and its claim is caught squarely by the statute. We also think that to hold the statute applied only to lawyers, doctors, and theologians would render the section subject to serious constitutional attack as being discriminatory because we can think of no rational reason for applying a two year statute of limitation period for only the traditional "professional" but a four year period for all others upon whose judgment, skill and training people equally rely.
We also conclude that MacMillan satisfied its burden of demonstrating that the cause of action had expired under the statute of limitations and affirm on that issue. Finally, we affirm the summary judgment in favor of Charter Oak since it could not be vicariously liable when its agent had been relieved of liability. Wilhelm.
We hold that the decision of the lower court was correct and affirm.
AFFIRMED.
COBB and SHARP, JJ., each concurring specially with opinions.
COBB, Judge, concurring specially:
Based upon the recent opinion of this court in Pierce v. AALL Insurance Incorporated, 513 So.2d 160 (Fla. 5th DCA 1987), I reluctantly concur with the result of the majority opinion. Otherwise, I would reverse.
Since the legislature has neglected to particularize the occupations it sought to protect by section 95.11(4)(a), I would resort to the common law definition of a "profession" and narrowly construe the term to include only theology, law and medicine. As stated in Hocking Conservancy District v. Dodson-Lindblom Associates, Inc., 62 Ohio St.2d 195, 404 N.E.2d 164, 166 (1980), quoting from the earlier case of Richardson v. Doe, 176 Ohio St. 370, 199 N.E.2d 878 (1964):

Today, the term malpractice is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited common-law definition. It is well established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense... .
If the (state legislature) had wished to protect groups other than those traditionally associated with malpractice, it should have listed the ones to be covered. (Emphasis in original.)
This narrow construction would emphasize the unreasonable and preferential nature of this two-year statute, and perhaps contribute to its ultimate invalidation, revision or repeal. This statute stems from political influence rather than logic or fairness. The result of the negligence of "professionals" usually manifests itself later, *604 and is more difficult to detect, than the result of the negligence of "nonprofessionals." Hence, the statute of limitations for the malpractice (negligence) of the former should be longer, not shorter, than that for the latter.
SHARP, Judge, concurring specially.
I concur only because we are bound by Pierce v. AALL Insurance Incorporated, 513 So.2d 160 (Fla. 5th DCA 1987), but I think both of these cases are incorrectly decided.
In an effort to avoid constitutional challenges to the two-year statute of limitations, § 95.11(4)(a), Chief Judge Upchurch's opinion and Pierce have construed this statute so broadly as to make it applicable to virtually anyone performing a service for remuneration. Any constitutional challenge to the statute should be considered when it actually arises. This court should not try to avoid it in advance. Further, this result has the effect of repealing the four-year statute of limitations, § 95.11(3)(a). Now it will apply only to amateurs or volunteers upon whose skills or abilities an injured plaintiff did not rely.
An appellate court should construe a statute primarily to achieve the intent and purpose of the Legislature.[1] Whatever the Legislature intended regarding the two-year statute, it is clear that it did not intend to include all persons who are not amateurs or rank beginners, thereby in effect repealing the four-year statute. "It is an axiom of statutory construction that an interpretation of a statute which leads to an unreasonable or ridiculous conclusion or a result obviously not designed by the legislature will not be adopted." Drury v. Harding, 461 So.2d 104, 108 (Fla. 1984). The four-year statute was left intact by the Legislature, which was perfectly capable of repealing it, had that been its true intention.
I would construe the statute as narrowly as possible, to include only those callings traditionally deemed to be "professions" or those more recently elevated to such a state by the advent of modern science, technology and learning. As we explained in Cristich v. Allen Engineering, Inc., 458 So.2d 76 (Fla. 5th DCA 1984), a "profession" requires specialized training, extensive academic preparation, and intensive personal effort on the part of an individual to gain admittance to the ranks of those qualified to engage in that calling. In this case, no such showing was made for the insurance agents of MacMillan-Buchanan & Kelly Insurance Agency. I would therefore reverse this summary judgment.

ON MOTION FOR REHEARING
PER CURIAM.
Pursuant to appellant's motion for rehearing, we certify the same question, as one of great public importance, that we certified in Pierce v. AALL Insurance, Inc., 513 So.2d 160 (Fla. 5th DCA 1987), to-wit:
For the purposes of the professional malpractice statute, is an insurance agent a professional?
SHARP, C.J., COBB J., and UPCHURCH, F.D., Jr., Judge, Retired, concur.
NOTES
[1] It should be noted that Panther has raised no constitutional questions concerning this statute. As a consequence, we shall not reach the interesting question of the effect of the legislature's failure to define "professional", as well as whether the legislature may shorten the limitation period for "professional" as we may define it, while keeping the formerly established period for all other acts of negligence.
[1] Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla. 1985); Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla. 1983); Tyson v. Lanier, 156 So.2d 833 (Fla. 1963).