530 So.2d 521 (1988)
HARDY EQUIPMENT COMPANY, INC., Appellant,
v.
TRAVIS COSBY & Associates, INC. and Aetna Casualty & Surety Company, Appellees.
No. 87-1672.
District Court of Appeal of Florida, First District.
September 8, 1988.
Jeffrey P. Whitton, Panama City, for appellant.
Scott W. Clemons of Bryant, Higby, Williams, Panama City, for appellees.
SMITH, Chief Judge.
The appellant, Hardy Equipment Company, appeals a summary judgment ruling that his negligence suit was barred by the statute of limitations. We reverse in part and affirm in part.
Travis Cosby & Associates is an insurance agency with whom Hardy Equipment *522 contracted to obtain insurance coverage for equipment owned by Hardy Equipment. Hardy sustained a loss in November 1983, and filed a claim with Aetna under the policy obtained by Travis Cosby. Aetna denied coverage in December 1983 and again in January 1984. Hardy Equipment thereafter filed suit against Aetna in which Aetna ultimately prevailed. In June 1986, Hardy Equipment filed the instant suit alleging that Travis Cosby failed to obtain the insurance coverage requested.
Travis Cosby moved for a summary judgment asserting that the cause of action arose in December 1983 or January 1984, when Aetna twice denied coverage, and that this action was governed by section 95.11(4)(a), Florida Statutes (1985), which provides that suits for professional malpractice must be brought within two years from the time the cause of action arose. The trial court agreed with Travis Cosby and granted summary judgment in its favor.
We believe the trial court correctly ruled that Hardy Equipment's cause of action arose at the latest in January 1984; however, recent precedent by the Supreme Court requires reversal of the lower court's ruling that the professional malpractice statute of limitations was applicable.
In Pierce v. AALL Insurance, Inc., 513 So.2d 160 (Fla. 5th DCA 1987), the district court held that a negligence action against an insurance agent was a professional malpractice suit; and accordingly, the two year statute of limitations governed. See also Panther Air Boat Corp. v. MacMillan-Buchanan & Kelly Insurance Agency, 520 So.2d 601 (Fla. 5th DCA 1987).
On review of Pierce, the Supreme Court held that the term "professional," within the meaning of the professional malpractice statute of limitations, applies to one who is a member of
a profession as a vocation requiring, as a minimum standard, a college degree in the specific field. In other words, if, under the laws and administrative rules of this state, a person can only be licensed to practice an occupation upon completion of a four-year college degree in that field, then that occupation is a profession.
531 So.2d 84, at 87 (Fla. 1988).
Since no degree in any field is required to sell insurance, an insurance agent is not a professional for purposes of the professional malpractice statute of limitations. As noted, the trial court in the instant case applied the professional malpractice statute of limitations, and therefore, reversal is required. The four-year statute of limitations as provided in section 95.11(3)(a) and (k), applies to this action. Since Hardy Equipment filed this suit within four years from the time the cause of action arose, the action was timely.
Accordingly, the summary judgment entered below is REVERSED and this cause is REMANDED for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.