**DOE, Appellee,**

v.

**WHITE, Appellant.**

[Cite as *Doe v. White* (1994), 97 Ohio App.3d 585.]

Court of Appeals of Ohio,
Montgomery County.

No. 14251.

Decided Sept. 23, 1994.

586

*Thomas P. Liptock,* for appellee.

*Kathy L. Ellison,* for appellant.

---

BROGAN, Judge.

Appellant David White appeals the decision of the Montgomery County Court of Common Pleas finding him negligent and awarding damages to appellee Jane Doe.

Appellant White advances two assignments of error on appeal. First, White asserts that the trial court erred in overruling his motion to dismiss for failure to state a claim in that the trial court applied the wrong statute of limitations to the action. Second, White asserts that the trial court erred in awarding excessive compensatory and punitive damages to appellee.

White was employed by South Community, Inc. ("SCI") as a crisis counselor to answer the crisis hotline. At approximately 10:30 p.m. on April 13, 1990, Doe telephoned the crisis hotline seeking counseling. Doe's need for counseling arose from an impending divorce and her son's recent hospitalization for attempted suicide. Doe had previously been undergoing counseling from another counselor at SCI concerning problems with her son.

White testified that Doe seemed "upset" and "distressed" when she called the hotline. White counseled Doe at length over the telephone. During the conversation, White obtained Doe's address and subsequently went to her home shortly after ending the phone call. While at her home, the parties engaged in

consensual sexual intercourse. White then instructed Doe not to tell anyone of the encounter.

The following day, Doe revealed the encounter to her regular counselor at SCI. White was subsequently fired from SCI as a result of the incident because this conduct was contrary to the program policy and guidelines of SCI.

On November 27, 1991, Doe filed a complaint against White and SCI. The complaint alleged that White was negligent in engaging in sexual intercourse with a client and had committed malpractice by doing so. The complaint also alleged that SCI had committed malpractice and was negligent in hiring White and in allowing counselors to go to a client's home.

SCI filed a motion to dismiss, which was overruled by the trial court on April 14, 1992. SCI then filed a motion for summary judgment. Doe filed a response to the motion. The trial court granted SCI's motion for summary judgment on June 10, 1992.

White filed a motion to dismiss for failure to state a claim on September 2, 1992, alleging that the statute of limitations had run. Doe filed a response to White's motion to dismiss. The trial court did not rule on the motion to dismiss until after the trial.

On September 10, 1992, a trial was held to the bench. The trial court entered its decision and judgment on September 14, 1993, overruling White's motion to dismiss and finding that White was negligent. The trial court found that the incident had caused Doe emotional pain and suffering. The trial court also found, based upon the testimony of Doe's expert witness, Dr. Cooper, that Doe suffered from post-traumatic stress syndrome caused by the incident and would require future counseling. Further, the trial court found that Doe had incurred expenses as a result of the incident, including lost wages, medical and therapy expenses. The trial court awarded Doe $25,000 in compensatory damages and $75,000 in punitive damages.

White then filed this timely appeal.

As his first assignment of error on appeal, White raises the following:

"The trial court erred by finding that the applicable statute of limitations is O.R.C. § 2305.09."

White specifically claims that the trial court erred in failing to apply the one-year statute of limitations for battery or, alternatively, the one-year statute of limitations for malpractice. Doe's claim would be time-barred under either of these statutes.

Prior to trial, White properly asserted his claim that Doe's action was time-barred in a 12(B)(6) motion to dismiss for failure to state a claim upon which

relief can be granted. Apparently, the trial court did not rule on White's motion until after the trial. In its decision, the trial court overruled White's motion to dismiss, holding that the four-year statute of limitations for negligence in R.C. 2305.09 was applicable to the case.

■ In reviewing a decision overruling a motion to dismiss for failure to state a claim, a reviewing court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. Although the motion in this case was not ruled upon until after the trial, we must limit our review to the complaint for the first assignment of error.

■ In her complaint, Doe alleged essentially two causes of action against White: negligence and malpractice. The trial court found that the four-year statute of limitations found in R.C. 2305.09 governing general negligence claims was the correct statute of limitations to apply to this action. White claims, however, that R.C. 2305.09 is not the correct statute of limitations to apply to this action.

White appears to assert two alternative arguments. First, White argues that the one-year statute of limitations for battery should be applied to this case. Alternatively, White argues that if the statute of limitations for battery is not applicable, then the one-year statute of limitations for malpractice should be applied. We will address each argument in turn.

To determine which statute of limitations applies to Doe's claims against White, it is necessary to determine the actual nature or subject matter of the acts giving rise to the complaint. The Ohio Supreme Court has stated: "[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249–250, 465 N.E.2d 1298, 1302. It is also well settled that: "A special statutory · provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable." *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, paragraph one of the syllabus.

■ White first argues that the subject matter of this action constitutes a battery, and thus the one-year statute of limitations for battery in R.C. 2305.111 should be applied to this case. We must examine whether the specific acts alleged in the complaint truly constitute a battery. The Ohio Supreme Court has recognized: "[T]hrough clever pleading or by utilizing another theory of law, the assault and battery cannot be [transformed] into another type of action subject to

a longer statute of limitations as it would circumvent the statute of limitations for assault and battery to allow that to be done." *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 100, 524 N.E.2d 166, 168, citing *Grimm v. White* (1980), 70 Ohio App.2d 201, 203, 24 O.O.3d 257, 258, 435 N.E.2d 1140, 1141–1142. Thus, regardless of how the action has been characterized in the complaint, if the actions complained of constitute a battery, then the statute of limitations for battery must be applied. See *Andrianos, supra.*

White claims that the actions complained of in this case clearly constitute a battery. Specifically, White argues that because the parties intentionally engaged in sexual intercourse, a battery occurred. In *Love*, the Ohio Supreme Court held that a person is liable for battery when he acts with intent to cause a harmful or offensive contact and such contact results, unless a person is privileged in such contact. *Love, supra.* Here, the parties both clearly consented to sexual intercourse. Thus, no battery occurred, since the contact was consensual and privileged. The one-year statute of limitations for battery is inapplicable to this case.

Alternatively, White argues that if the battery statute of limitations is inapplicable, the malpractice statute of limitations contained in R.C. 2305.11 should be applied. Doe's complaint clearly alleges an action for counselor malpractice. Ohio, however, does not specifically recognize such a cause of action and treats such causes of action as negligence.

■ In a long line of cases interpreting R.C. 2305.11, Ohio courts have consistently refused to extend the statute of limitations to include malpractice claims which are neither specifically enumerated in the terms of the statute nor included in the common-law definition of "malpractice." See *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546 N.E.2d 206; *Hocking Conservancy Dist. v. Dodson Lindblom Assoc., Inc.* (1980), 62 Ohio St.2d 195, 16 O.O.3d 217, 404 N.E.2d 164; *Whitt v. Columbus Coop. Enterprises* (1980), 64 Ohio St.2d 355, 18 O.O.3d 512, 415 N.E.2d 985; *Richardson v. Doe* (1964), 176 Ohio St. 370, 27 O.O.2d 345, 199 N.E.2d 878; *Reese v. K–Mart Corp.* (1981), 3 Ohio App.3d 123, 3 OBR 140, 443 N.E.2d 1391; *Richard v. Staehle* (1980), 70 Ohio App.2d 93, 24 O.O.3d 121, 434 N.E.2d 1379. The common-law definition of "malpractice" included only attorneys and physicians. *Richardson, supra.* Thus, other actions of professional malpractice are treated as negligence and governed by the statute of limitations in either R.C. 2305.09 or 2305.10.

White argues, however, that an amendment to R.C. 2305.11 in 1987 changed the meaning of the statute so as to include all forms of malpractice. Former R.C. 2305.11 provided in part:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or *malpractice, including an action for malpractice against a physician, podiatrist, or a hospital,* or upon a statute for a penalty for forfeiture, shall be brought within one year after the cause of action thereof accrued * * *." (Emphasis added.)

The legislature amended R.C. 2305.11 in 1987, providing in part:

"An action for libel, slander, malicious prosecution, or false imprisonment, *an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim,* or an action upon a statute for a penalty or forfeiture, shall be commenced within one year after the cause of action accrued * * *." (Emphasis added.)

Appellant argues that the amended R.C. 2305.11, in effect at the onset of this action, includes all forms of malpractice. We find this argument unpersuasive.

The amendment to R.C. 2305.11 does not clearly express a legislative intent to expand the term "malpractice" to all professional occupations. The Ohio Supreme Court in *Richardson* stated: "It is well-established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense." *Richardson, supra,* 176 Ohio St. at 372–373, 27 O.O.2d at 347, 199 N.E.2d at 880. Further, it is presumed that the legislature is fully aware of any prior judicial interpretation of an existing statute when enacting an amendment. *Cty. Bd. of Edn. v. Howard* (1957), 167 Ohio St. 93, 4 O.O.2d 83, 146 N.E.2d 604. Thus, had the legislature intended to broaden the common-law definition of malpractice, it could clearly have done so. See *Thompson v. Community Mental Health Ctrs.* (Oct. 4, 1993), Warren App. No. CA92–08–072, unreported, 1993 WL 390512.

Therefore, we find that R.C. 2305.11 is inapplicable to this case. Appellant's first assignment of error is overruled.

As his second assignment of error, White raises the following:

"The trial court erred in awarding 'windfall' damages."

White claims that the award of $25,000 in compensatory damages and $75,000 in punitive damages were excessive and not supported by the evidence.

As to the second assignment of error, we must note that the brief is incomplete, as it is missing pages concerning this assignment of error. White's counsel was contacted and apprised of this error, and asked to file a supplemental brief. However, no supplemental brief was ever filed. Thus, this court is only able to consider this assignment of error to the limited extent in which it was presented.

It is improper for an appellate court to disturb an award of damages unless it is not supported by any competent, credible evidence. *Meacham v.*

*Miller* (1992), 79 Ohio App.3d 35, 606 N.E.2d 996; *Baum v. Augenstein* (1983), 10 Ohio App.3d 106, 10 OBR 129, 460 N.E.2d 701.

The Ohio Supreme Court recently addressed the issue of compensatory damages:

"Compensatory damages are defined as those which measure the actual loss, and are allowed as amends therefor. For example, compensatory damages may, among other allowable elements, encompass direct pecuniary loss, such as hospital and other medical expenses immediately resulting from the injury, or loss of time or money from the injury, * * * and mental pain and suffering." *Fantozzi v. Sandusky Cement Prod. Co.* (1992), 64 Ohio St.3d 601, 612, 597 N.E.2d 474, 482.

White specifically argues that the trial court erred in awarding Doe damages for mental pain and suffering. However, it has been recognized that the assessment of damages for mental pain and suffering is difficult to evaluate and is a matter "solely for the determination of the trier of fact because there is no standard by which such pain and suffering may be measured." *Id.* at 612, 597 N.E.2d at 482.

In this case, there is competent, credible evidence to support the trial court's award of compensatory damages. Doe testified that she missed work and incurred medical and psychological expenses because of the incident. Doe's expert witness, Dr. Cooper, testified that he had examined Doe and found that the incident with White caused her to suffer from post-traumatic stress syndrome. Dr. Cooper testified that Doe would require further psychological treatment for at least one year. Based on this evidence, we find that the trial court's award of compensatory damages was not excessive and was supported by the evidence.

White also argues that the trial court's award of $75,000 in punitive damages was improper. Punitive damages are awarded to punish an offending party and to deter others from engaging in similar conduct. *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174. Pursuant to R.C. 2315.21, punitive damages may be awarded in a tort action where actual damages have been proven, and the actions of the defendant demonstrate malice, fraud, oppression, or insult.

To prove malice, it is sufficient to show that a person acted with "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston, supra,* at 336, 512 N.E.2d at 1176; *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464. The phrase "great probability of causing substantial harm" was included in the

standard for malice to satisfy the requirement that misconduct greater than ordinary negligence is required to support an award of punitive damages. *Preston, supra; Calmes v. Goodyear Tire & Rubber* (1991), 61 Ohio St.3d 470, 575 N.E.2d 416. Mere foreseeability of substantial harm is not sufficient to meet this criterion; there must exist a "great probability" of such harm. *Calmes, supra.*

█ In this case, the trial court made a specific finding that White's conduct displayed a conscious disregard for the rights and safety of Doe, which had a great probability of causing her substantial harm. The trial court had sufficient evidence upon which to base its finding. White was employed as a crisis hotline counselor. Doe telephoned White to seek counseling. White spoke with Doe at length and was well aware that she was "upset" and "distressed." Despite this knowledge, White obtained Doe's address from her, went to her home shortly after the telephone conversation, and engaged in sexual intercourse with her. The record is sufficient to support the trial court's finding that White displayed a conscious disregard for Doe's rights and safety causing a great probability of substantial harm.

White argues that engaging in consensual sexual intercourse could not cause a "great probability of substantial harm" to Doe. However, we feel the evidence is sufficient to support such a finding. White's only contact with Doe was as her counselor. During a counseling session, White suggested that he come to Doe's home. White was fully aware that Doe was in a fragile mental condition. The evidence is sufficient to allow the trier of fact to conclude that a sexual encounter between a counselor and client at the counselor's suggestion, while the client is in a fragile mental state, which occurred within a short time period of the client's telephoning a crisis hotline for help, causes a great probability of substantial harm to the client. As there is sufficient evidence in the record to support the trial court's finding, we cannot say that this finding was erroneous.

█ White further argues that the amount of punitive damages awarded was excessive. The determination of the amount of punitive damages is within the discretion of the trier of fact, and the award will not be disturbed unless it is shown to be the result of passion and prejudice. *Saberton v. Greenwald* (1946), 146 Ohio St. 414, 32 O.O. 454, 66 N.E.2d 224. A reviewing court should not substitute its judgment for that of the trier of fact. In this case, we find no evidence that the award of $75,000 in punitive damages was a result of passion and prejudice, particularly in light of the fact that the trier of fact was a judge and not a jury.

It is our opinion that the amount of punitive damages awarded in this case appears to be high considering both the nature of White's actions and his apparent financial condition. No direct evidence was presented to the trial court regarding White's financial ability to pay punitive damages. However, it can be inferred from White's educational background and the fact that he was working two jobs at the time of the incident that he was not financially wealthy. Although evidence of a defendant's net worth is relevant to determining a proper amount of punitive damages, the trier of fact is not required to consider such evidence before awarding punitive damages to a prevailing party. *Clark v. Hawkes Hosp.* (1984), 9 Ohio St.3d 182, 9 OBR 467, 459 N.E.2d 559. Unfortunately, failure to consider such evidence does not constitute reversible error. *Id.* Further, the amount is not so high as to shock the conscience of this court. As we cannot substitute our judgment for that of the trier of fact, we reluctantly affirm the award of punitive damages.

White's second assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

FREDERICK N. YOUNG, J., concurs.

FAIN, J., concurs in part and dissents in part.

FAIN, Judge, concurring in part and dissenting in part.

Although I concur in the disposition of White's first and second assignments of error, I would sustain his third assignment of error and modify the judgment by vacating the award of punitive damages.

Unlike the majority, I am not troubled by the amount of punitive damages awarded. I am also not troubled by the fact that the trial court did not consider evidence of White's financial condition. As I understand the record, the trial court did not consider such evidence for a very good reason—none was offered. Our system of justice is adversarial, not inquisitive. Trial courts should not be required to take evidence when none is offered by the parties.

In my view, White's misconduct amounts to actionable negligence, but was not malicious. As I understand the record, it cannot fairly be said that he acted with a conscious disregard for the rights and safety of the plaintiff. It appears that he and the plaintiff found each other sexually attractive and decided to have sexual intercourse. As a professional, White certainly should have paused to reflect

upon the plaintiff's fragile emotional condition and the likelihood that casual sex with a comparative stranger would do her emotional harm. That he failed to do so was, in my view, negligence, but of the ordinary variety. As I understand the record, White was not acting out of a conscious disregard for the plaintiff's rights and safety.

It is true that there was a great probability of White's conduct causing substantial harm to the plaintiff, but that is an *additional* element of malice intended to preclude an award of punitive damages where the actor acts with conscious disregard for the rights of the plaintiff, but over a relatively trivial matter. For example, a defendant, intending to violate a plaintiff's rights, cuts in front of him in a line to see a movie. While there is a conscious disregard for the rights of the plaintiff, there is no great probability of causing him substantial harm, and an award of punitive damages would be inappropriate.

In the case before us, I concede that there is evidence in the record from which the trial court could conclude, as it evidently did, that there was a great probability of causing the plaintiff substantial harm, but I am unwilling to concede that White acted with conscious disregard of the plaintiff's rights and safety. It appears that both parties were acting out of sexual lust. White, as a mental health professional, should have given some thought to the probable impact of their actions upon the plaintiff's mental health. His failure to do so constituted neglect of a professional duty owed to the plaintiff and was therefore actionable negligence on his part.

If a great probability of causing substantial harm, without more, is deemed to transmute ordinary negligence into malice justifying an award of punitive damages, then surely every medical malpractice verdict involving a significant injury, or even a great probability of a significant injury, should be accompanied by an award of punitive damages. I do not understand this to be the law of Ohio.