**KELSO v CASHEN et**

**HARRISON v CASHEN**

Ohio Appeals, 1st Dist.,
Hamilton Co.

Nos. 6096 & 6097.
Decided March 16, 1942.

Robert G. McIntosh, Cincinnati, for appellants.

Thomas J. Herbert, Cleveland, Richard A. Morris, Cincinnati, and Arthur Galloway, for appellees.

**OPINION**

By HAMILTON, J.

Appeals on questions of law.

These two cases involve the same question of law and were presented, and are considered, together.

Appellants were cited before the State Board of Barber Examiners, charged with a violation of the law and regulations of the State Department of Health of Ohio.

In substance, the charges were: The operation of Barber Shops under state licenses in Norwood, Ohio, and on Vine Street in Cincinnati, Ohio, and while so operating used a towel from one patron to another patron without first being relaundered, contrary to § 1081-21-e and §1081-22-7 GC of Ohio.

The State Board found the appellants guilty as charged and suspended their license for thirty days, 10 days of which should be enforced and 20 days on probation.

Appellants filed an action in the common pleas court to reverse the

order of the Board and an issue was made up in that court, by petition and answer, as provided for in §1081-18 GC. Upon trial the common pleas court affirmed the finding and action of the State Board with the modification that the ten days enforcement of the suspension should be reduced to five days enforcement and 25 days probation.

From that judgment appeal on questions of law is taken.

The contention of appellants is that the action of the Board of Barber Examiners is unlawful and unreasonable, in that the evidence does not sustain the Board's findings, and that the charge does not warrant the action taken. Counsel for appellants overlooks the fact that this appeal is from a judgment of the court of common pleas, which court heard the evidence and modified the action of the Barber Board. There was considerable direct evidence to sustain the charge and although appellants deny the charge and produce witnesses who testified as to the high character of the barbers and the cleanliness of their shops, it was the province of the court trying the facts to decide the weight of the evidence and this court will not disturb that finding.

On the other questions that "the charge does not warrant the action taken". The charge in the affidavit is that said barbers did use a towel from one patron to another patron without first being relaundered, contrary to §§1081-22-7; 1081-21-e, GC.

Sec. 1081-21-e GC, provides:

"It shall be unlawful: (e) to use a towel that is used on one patron on another patron unless the same has been relaundered."

This is a direct charge of the violation of the law and barber regulations, which is cause for suspension or revocation under authority of §1081-17-9, GC, and other regulations and laws.

The proof is that the appellants used a towel that was used on one person on another person without first having been relaundered. This is prohibited by the statutes and would constitute "unprofessional conduct", in violating the law. Technical rules of criminal law do not apply in matters before an administrative board.

State, ex rel v Gray, 114 Oh St 275.

The State Barber Board had jurisdiction to suspend the licenses as it did under authority of §1081-1, et seq., GC. See: Jones v Barber Board, 137 Oh St 636.

It was the province of the Board to pass upon the fitness and professional conduct of license holders and to suspend same within reason.

The judgments are affirmed.

MATTHEWS, PJ., & ROSS, J., concur.