**WISHNEK et, Plaintiff, v. GULLA, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 648998.   Decided October 13, 1953.

Julius A. Negin, Cleveland, for plaintiff.
Miller, Davis & Folk, Cleveland, for defendant.

## OPINION

By MERRICK, J:

This action is before the Court on a demurrer to plaintiff's petition.  A recitation of some of the facts is necessary for a full comprehension of the question presented.

Defendant is a licensed surveyor.  Plaintiff contends that he engaged defendant to survey a parcel of land and to set stakes for the construction of a building.  Plaintiff complains that defendant "did so carelessly and negligently perform his said services that he wrongfully staked the above described premises."

Plaintiff's petition was filed June 1, 1953.  It contains the

allegation that the services were completed on March 28, 1952. Defendant's demurrer contends that the action is one for malpractice and must be brought within one year as provided in §2305.11 R. C. If this is a claim arising out of malpractice, the action would be barred one year after the termination of the relationship. regardless of the knowledge of the injury by the complainant. **DeLong v. Campbell, 157 Oh St 22.**

In his brief, counsel for defendant lays great stress upon the fact that about 20 years ago Ohio enacted legislation, licensing and controlling persons "practicing the profession . . . of surveying." **Sec. 4733.01** and **§4733.02 R. C.** In this act is contained the language:

" 'Practice of surveying' means that branch of engineering and applied mathematics which teaches the art of surveying and measuring the area of any portion of the earth's surface: . . ."

The provisions of the Ohio Revised Code, further provides for examination and minimum educational qualifications before licensing.

Ohio also licenses accountants, architects, attorneys, auctioneers, barbers, commission merchants, cosmetologists, dentists, embalmers, funeral directors, gristmillers, innkeepers, nurses, optometrists, pawnbrokers, pharmacists, physicians, limited practitioners, real estate brokers, secondhand dealers, steam engineers, boiler operators, and veterinarians. In most instances an examination and educational requirements or experience are conditions precedent to the issuance of the license. These statutes use various terms in describing the types of avocation, viz: "practice," "Occupation," "business," "art" and "profession." Court decisions and opinions have attached to the following of many licensed occupations, the titles which rank them as professions. One decision in Ohio describes a barber's violation of the sanitary regulations as "unprofessional conduct." **Kelso v. Cashem, 36 Abs 348.**

To properly define the issue presented in the case at hand, it would seem that a full understanding should be had as to what was meant by the word malpractice when it was written into the statute of limitations.

By act of the Ohio General Assembly passed May 18th, 1894, amending §4983 **Revised Statutes,** being the one year limitation, actions for malpractice was made part of that section. Prior to that date malpractice was not named or mentioned, in terms, in any section of the statute of limitations.

The intent of the lawmakers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly,

the sense of the lawmaking body, there is no occasion to resort to other means of interpretation. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. **Slingluff v. Weaver, 66 Oh St, 621.**

For obvious reasons, courts ought not to add uncertainty to the meaning and effect of the language used in an enactment by restricting the accepted and generally understood meaning of common words. Such a restriction by construction is justifiable only when the restricted use is made to appear by the act itself or by related legislation. **Smith v. Buck, 119 Oh St, 104.**

Primarily—that is, in the absence of anything in the context to the contrary—common or popular words are to be understood in a popular sense; Common Law words according to their sense in the common law; and technical words, pertaining to any science, art or trade, in a technical sense. It is a familiar rule of construction, alike dictated by authority and common sense, that common words are to be extended to all the objects which, in their usual acceptance, they describe or denote. Sutherland Statutory Construction, Vol. 2, Sec. 389.

Malpractice as a word descriptive of a type of conduct has varied meanings. It could be properly used in most any instance where a person pursued a course of activity which was evil, or produced evil results. With that broader expanse of the word we are not to be concerned, if it has a narrower meaning when considered in a statute of limitations. There it is attached to a cause of action for damages and must be so interpreted.

The word malpractice as contained in statutes of limitation has been given a restricted meaning to confine it to indicating a corrupt or culpably incompetent practitioner of either law or medicine. Leitch v. Mulcahy, 31 N. Y S. 2nd, 874. In Words and Phrases, Permanent Edition, Vol. 26, page 248, is a list of the professions to which the term has been applied in a purely legal way. Only the following are listed:—attorney, chiropractor, dentist, nurse, osteopath, physician and veterinary. There are many cases in Ohio and elsewhere applying the shorter term statute of limitations to malpractice actions brought against attorneys and it would be needless to attempt an analysis of them. It will be noted that in each of the other classifications referred to, that some practice of medicine is involved. The citation of veterinary is referred to as involves a violation of a prohibitive statute restricting the use of narcotics. There is no listing of the profession of architecture, surveying, or engineering in any of their branches.

The case cited by Words and Phrases, supra, which seems to include an action against a nurse as coming within the malpractice statute was reversed by the Appellate Division of the First Division of the New York Supreme Court. This case is reported: Isenstein v. Malcomson, 236 N. Y. S. 641. In reversing the lower court the opinion of the Court uses this language:

"In any event, with respect to the main question. we conclude that malpractice is to be considered in its primary meaning, and as generally understood by the ordinarily intelligent and reasonably informed person, and, in this respect, according to such common usage and acceptance, it has continuously been intended to import an improper treatment or culpable neglect of a patient by a physician or surgeon. As an added significance it has been used to indicate a corrupt or culpably incompetent practitioner of either law or medicine, but in no instance is it found to have possible application to a nurse, nor is there anything in the text of this complaint which indicates that the gravamen of the action is other than the negligent conduct and reckless, careless, and incompetent performance of common duties of a person engaged in an employment for such specified duties, as distinguished from lack of or improper performance of work requiring purely professional skill."

This reasoning was followed in a later New York case wherein the court held:

" 'Malpractice' within the two-year statute of limitations did not apply to a pharmacist, who when requested to supply a salve to reduce a swelling on a hand applied surgical treatment causing an incision to be made resulting in injury." Rudman v. Bancheri, 22 N. Y. S., 2nd, 875.

The writer of this opinion has examined this question as defined and digested in many available law dictionaries, digests and reference books which discuss the subjects of malpractice and limitation of actions. I fail to find a single reported case in which the tort or contract breach of an architect, surveyor or engineer came within the purvue of the term malpractice as used in any code of civil procedure. Counsel have not cited any case upon the same subject.

To co-ordinate the reasoning of this opinion, it is obvious that engineering is a licensed profession in the layman's use of the word profession, but nowhere does the law bring that profession within the benefits or handicaps afforded law and medicine in defining the extent to which the word malpractice may be interpreted in a statute of limitations. It is the opinion of this court that the conduct complained of may

be a breach of contract but cannot be construed as malpractice, and therefore the one year statute of limitations does not apply.

The demurrer will be overruled and defendant may plead under rule of court.