STOROZUK v. W. A. BUTLER Co.

(No. 51520—Decided November 18, 1964.)

*Messrs. Payer, Bleiweiss & Crow,* for plaintiffs.
*Mr. Edgar A. Strause,* for defendant W. A. Butler Co.
*Mr. E. Terry Warren,* for defendant Kaszar.

Pontius, J. This cause was submitted upon special demurrer of the defendant, Ernest Kazar, with accompanying brief, no brief, however, having been filed by plaintiffs. The demurrer to the petition raises four points: (1) that the cause of action was not brought within the statutory period of limitations, (2) that there is a misjoinder of parties plaintiff, (3) that there is a defect of parties plaintiff, and (4) that several causes of action are improperly joined.

This opinion is addressed only to the first point, namely, that the cause of action was not commenced within the statutory period. The petition alleges that the defendant Kaszar is a licensed veterinarian and in short, the cause of action against him is claimed to arise out of his use of a product known as "Tyrothricin", prepared and sold by the other defendant, W. A. Butler Company, for use in intrammary infusion of cattle, and that the defendant Kaszar was negligent in using this product which was defective, in failing to warn the plaintiff thereof, and in the manner of his using the product. It is alleged that the various plaintiffs employed the services of this defendant as a veterinarian in connection with the care of their cattle. Plaintiffs allege that the services of this defendant were procured in the months of June and July, 1962, and plaintiffs' action was filed May 27, 1964.

The issue thus presented by the special demurrer under point 1 is whether or not the cause of action set forth in the petition is one for "malpractice" within the meaning of Section 2305.11, Revised Code, which is the one-year statute of limitations with respect to certain specified types of actions, of which malpractice is one.

A cursory search of authorities by the court failed to reveal any case precisely in point and none has been cited by counsel for the defendant. The broad basis of liability of a veterinarian and many other special or limited practitioners is to be tested by the general rules with respect to what is ordinary care and the lack thereof, as applied to physicians and surgeons generally. In other words, with respect to liability of many specialists, both directly and in some instances indirectly associated with the practice of medicine, rules respecting ordinary care as applied to a layman are not applicable, but the rules of what is ordinary care and the lack thereof as applied

to the trained professional are applied. See 41 American Jurisprudence 206; 38 A. L. R. 2d 503 (annotation), 42 Ohio Jurisprudence 2d 520, *et seq.*

In Section 4741.01, Revised Code, and subsequent allied sections dealing with veterinarians in general and the licensing thereof, there are a great many terms very closely allied to the field of ordinary medicine and surgery such as ''veterinary medicine, surgery or dentistry, diagnosis, drug, medicine, appliance, application, operation, treatment, anatomy, physiology, parasitology, surgery, pathology, bacteriology, obstetrics, pharmacology, preventive medicine, disease, pain, deformity, defect, injury, wound, or physical condition.''

It seems to this court, therefore, that if the veterinarian is to be placed in the class of the professional practitioner in a classification so closely allied to the field of ordinary medicine and surgery when it comes to determining the issue of his liability for negligence or wrongful acts in the practice of his profession, the same classification should be maintained in determining the time within which that very kind of liability can be made the predicate of a cause of action.

It is the opinion of this court that the word ''malpractice'' as it appears in Section 2305.11, Revised Code, does include the practice of veterinary medicine and further, therefore, that the present cause of action against this defendant Kaszar has not been brought within time.

*Demurrer sustained.*