4

Thompson, Appellee, v. Community Mental Health Centers of Warren County, Inc. et al., Appellants.

[Cite as Thompson v. Community Mental Health Ctrs. of Warren Cty., Inc. (1994), ___ Ohio St.3d ___.]

Statutes of limitations — Action against licensed independent social worker, licensed psychologist, or licensed mental health care facility for negligence is not governed by R.C. 2305.11.

A cause of action arising from the claimed negligence of a licensed independent social worker, a licensed psychologist or a licensed mental health care facility is not a claim for malpractice and is therefore not governed by R.C. 2305.11.

(No. 94-79 — Submitted October 26, 1994 — Decided December 14, 1994.)

Certified by the Court of Appeals for Warren County, No. CA92-08-072.

From July 21, 1989 until November 3, 1989, plaintiff-appellee, Linda Thompson, received treatment for emotional and mental problems from defendants-appellants, Community Mental Health Centers of Warren County, Inc. ("CMHC"), William J. Malone, and Russell W. Dern, Ph.D. CMHC is a licensed mental health facility. Malone, a licensed independent social worker, and Dern, a licensed psychologist, are both employees of CMHC.

More than one year after her treatment terminated, Thompson filed suit against appellants alleging various theories of negligence in her care and treatment which proximately resulted in emotional and physical injury. Upon appellants' motion, the trial court dismissed Thompson's claims for psychological and

emotional injury, finding them to be time barred by R.C. 2305.11(A). The court of appeals reversed, holding that claims against mental health care providers do not fall within the one-year statute of limitations for malpractice actions.

The appellate court, finding its judgment to be in conflict with the judgment of the Court of Appeals for Cuyahoga County in Nowlin v. Northeast Community Mental Health Ctr. (Apr. 9, 1992), App. No. 60284, unreported, 1992 WL 74327, certified the record of the cause to this court for review and final determination.

_____

Thomas J. Leksan, for appellee.

Lindhorst & Dreidame and Leo J. Breslin, for appellants.

_____

Moyer, C.J. The question certified by the court of appeals is "* * * whether the term 'malpractice' should, for purposes of determining the statute of limitations set forth in R.C. 2305.11(A), be defined narrowly as at common law or broadly to encompass other types of professional negligence." The issue we decide is whether the negligent acts of a nonphysician who provides mental health care constitute malpractice under R.C. 2305.11(A).

It is well-established common law of Ohio that malpractice is limited to the negligence of physicians and attorneys Thirty years ago we recognized the distinction between common notions of malpractice and its common-law legal definition when we wrote: "[T]he term, malpractice, is sometimes used loosely to refer to the negligence of a member of any professional group. However, legally and technically, it is still subject to the limited

common-law definition. It is well established that where a statute uses a word which has a definite meaning at common law, it will be presumed to be used in that sense and not in the loose popular sense." Richardson v. Doe (1964), 176 Ohio St. 370, 372-373, 27 O.O.2d 345, 347, 199 N.E.2d 878, 880, citing Grogan v. Garrison (1875), 27 Ohio St. 50, 63. We further observed in Richardson that in 1894, when the General Assembly amended the one-year statute of limitations to include malpractice actions, the legal definition of "malpractice" was limited to negligence on the part of doctors and attorneys. Id., 176 Ohio St. at 372, 27 O.O.2d at 347, 199 N.E.2d at 880.

Since that time, we have repeatedly declined to extend the definition of malpractice when presented with claims concerning other professions. See Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, and cases cited therein. In these cases, we have reasoned that the General Assembly was aware of the common-law definition of malpractice and until the statute is amended to specifically include other professions, the common-law definition limits the scope of the statute. Therefore, causes of action for malpractice are limited to actions arising from the negligence of attorneys and physicians under the common law and those other professions expressly designated by the General Assembly.

Appellants argue that the 1987 amendments to R.C. 2305.11 express an intent by the General Assembly to expand the definition of malpractice beyond its common-law meaning. Prior to October 20, 1987, R.C. 2305.11(A) provided in pertinent part: "An action for * * * malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist

* * * shall be brought within one year after the cause thereof accrued * * *." 141 Ohio Laws, Part II, 3228. The statute has been amended to read: "An action for * * * malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, * * * shall be commenced within one year after the cause of action accrued * * *." Appellants argue that the insertion of the words "other than" in the statute contemplates the existence of malpractice actions beyond those defined at common law. We are unpersuaded by appellants' argument.

The revised statute specifically includes chiropractic claims for the first time in subsection (A) and brings registered nurses, physical therapists and hospital employees within the definition of a medical claim under subsection (D)(3). 142 Ohio Laws, Part II, 3322, 3324. The term "malpractice" was not altered. The new language is wholly consistent with the assumption that the General Assembly was well aware of Supreme Court decisional law when the amendments were adopted. The amendments expressly include registered nurses and hospital employees in the definition of "medical claim"; our past decisions had excluded them from the common-law definition. Furthermore, in 1990, the General Assembly again amended R.C. 2305.11(D)(13) to bring another new profession, athletic trainers, within the one-year statute of limitations. 143 Ohio Laws, Part I, 489. Having expressly included some disciplines heretofore excluded, it is not logical to assume that other disciplines are to be joined by silent implication.

We conclude that a cause of action arising from the claimed

negligence of a licensed independent social worker, a licensed psychologist or a licensed mental health care facility is not a claim for malpractice and is therefore not governed by R.C. 2305.11.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.