LEE et al., Appellants,

v.

SUNNYSIDE HONDA et al., Appellees.

LEE et al., Appellants,

v.

NORTH COAST AUTO CREDIT, Appellee.

[Cite as *Lee v. Sunnyside Honda* (1998), 128 Ohio App.3d 657.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 73614 and 73615.

Decided July 20, 1998.

*Dixon & Ours, Debra J. Dixon* and *James L. Deese,* for appellants.

*Reminger & Reminger* and *William F. Scully, Jr.,* for appellees.

*Per Curiam.*

Plaintiffs-appellants Lee and Thornington appeal from the judgment of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of the defendants-appellees North Coast Auto Credit, Jim Nicholson and Sunnyside Honda, Sunnyside Hyundai, Saturn of Sunnyside, and Sunnyside Auto, Inc. For the reasons stated below, we affirm.

The facts giving rise to this appeal are as follows. On September 7, 1994, Karen Wright (a nonparty to this action) purchased a used vehicle from North Coast Auto Credit. A certificate of title was issued to Wright on October 12, 1994. On August 23, 1996, appellants timely refiled their complaint against North Coast Auto Credit Inc., alleging personal injuries as the result of a collision which occurred on January 15, 1995, due to the negligent operation of the motor vehicle driven by Karen Wright while bearing a dealer tag of North Coast Auto. This complaint alleged that at the time of the motor vehicle collision Wright was an employee and/or agent of North Coast Auto Credit, Inc. On January 15, 1997, appellants filed a separate complaint against Sunnyside Honda, Sunnyside Hyundai, Saturn of Sunnyside, Sunnyside Auto, Inc., and Jim Nicholson, alleging that injuries had been suffered as a result of the negligence of Karen Wright, that she had been in the course and scope of her employment and agency with these appellees when the accident occurred, and that appellees had negligently entrusted the vehicle to Wright. The cases were consolidated in the trial court. On March 17, 1997, appellees North Coast Auto Credit, Inc., the Sunnyside entities, and Nicholson filed a joint motion for summary judgment in the consolidated matter. On November 7, 1997, after briefing, the trial court granted appellees' motion, finding that no genuine issue of material fact existed and that appellees were entitled to judgment as a matter of law. Appellants timely appeal and advance a single assignment of error.

"The trial court committed prejudicial error when it granted the motion for summary judgment of defendants North Coast Auto Credit, Inc, Sunnyside Honda, Sunnyside Hyundai, Saturn of Sunnyside, Sunnyside Auto, Inc. and James Nicholson."

Appellants assert that summary judgment was improvidently granted to appellees, contending that a jury question existed as to whether Wright was acting as an agent for North Coast at the time of the collision that caused their injuries. Specifically, appellants assert that where Wright was operating her vehicle with North Coast's dealer tags, a rebuttable presumption arose that she was operating the vehicle on North Coast's business. Appellants argue that because Ohio law permits the issuance of dealer tags only to licensed automobile

dealers and because North Coast did not own the vehicle, North Coast created by operation of law an agency relationship with Wright. We do not agree.

This court reviews the lower court's grant of summary judgment *de novo*. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court applies the same test as a trial court, which is set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted the following must be determined:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United Inc.,* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141.

In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.,* (1993), 90 Ohio App.3d 421, 629 N.E.2d 513. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Dresher, supra; Celotex, supra,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

Appellants rely on R.C. 4503.30 for the proposition that the presence of dealer tags on Karen Wright's vehicle automatically made her an agent of North Coast and the Sunnyside entities. Moreover, appellants cite *Fredericks v. Birkett L. Williams Co.* (1940), 68 Ohio App. 217, 22 O.O. 360, 40 N.E.2d 162, for the proposition that the use of dealer tags upon the vehicle creates a rebuttable presumption of agency.

R.C. 4503.30 provides:

"Any placards * * * bearing the distinctive number assigned to a * * * dealer * * * may be displayed on any motor vehicle * * * owned by * * * or lawfully in the possession or control of the * * * dealer, his agent or employee * * * and shall be displayed on no other vehicle * * *."

We do not find that the wording of statute creates an agency relationship, nor do we find case law to support that proposition. Moreover, we find appellants' reliance on *Fredericks* to be misplaced and find the facts of *Fredericks* to be distinguishable from the facts of the case at hand. Unlike the facts in the matter *sub judice,* in *Fredericks* the title to the vehicle remained in the dealership, dealer tags were on the vehicle, and the driver of the vehicle was the manager of the dealership at the time of the accident.

Appellees, in support of their motion for summary judgment, presented verified answers to interrogatories in compliance with Civ.R. 56(C) to demonstrate that Karen Wright was not in an agency or employment relationship with these appellees. Moreover, the evidence submitted by appellees supports the conclusion that Wright was the owner of the vehicle.

We find that the presence of dealer plates on the vehicle alone is insufficient to render the dealership responsible for the injuries. See *Lesick v. Manning* (Dec. 17, 1992), Columbiana App. No. 91–C–70, unreported, 1992 WL 380284. We also find that under the facts of the matter before us, the presence of the dealer tags on a vehicle owned by an individual does not create a rebuttable presumption of agency. Accordingly, appellants cannot prevail on their claims of negligence against appellees. The motion for summary judgment on appellants' negligence claims was properly granted.

■■ To prevail on a claim of negligent entrustment, appellants must establish that the motor vehicle was driven with permission of the owner, the driver was in fact incompetent, and the owner knew or had knowledge of such facts as to imply at the time of the entrustment that the entrustee was unlicensed or incompetent or unqualified. *Gulla v. Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E.2d 662; see, also, *Pierce v. Harris* (Feb. 25, 1993), Cuyahoga App. No. 64212, unreported, 1993 WL 51188. In this case, the evidence clearly reveals that Karen Wright was the owner of the vehicle at the time of the accident. Accordingly, the trial court properly granted summary judgment to appellees on appellants' claim for negligent entrustment. *Stillwell v. Johnson* (1991), 76 Ohio App.3d 684, 690, 602 N.E.2d 1254, 1258.

*Judgment affirmed.*

NAHRA, P.J., O'DONNELL and TIMOTHY E. MCMONAGLE, JJ., concur.