LAURIE, Appellant,

v.

JACOB, Appellee, et al.

[Cite as *Laurie v. Jacob* (2000), 137 Ohio App.3d 844.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77269.

Decided June 12, 2000.

*Uche Mgbaraho,* for appellant.

*Regina Massetti* and *Mark A. Ropchock,* for appellee.

---

KARPINSKI, Presiding Judge.

Plaintiff-appellant, John Laurie, appeals from an order awarding summary judgment to defendant-appellee, Cathy Jacob, in this action alleging that Laurie received substandard marriage counseling services. The trial court ruled that Laurie's claim was barred by the one-year statute of limitations under R.C. 2305.113. Because R.C. 2305.113 was enacted as part of Am.Sub.H.B. No. 350, which has since been declared unconstitutional *in toto* in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, we must conclude that the trial court erred in granting summary judgment to Jacob based on R.C. 2305.113. Accordingly, we reverse the judgment and remand for further proceedings.

The record shows that Laurie filed his complaint on March 4, 1999, against Jacob, as well as defendants Judith Kayloe and Strongsville Psychological Services. The complaint alleged that the defendants rendered deficient marriage counseling and therapy to Laurie and his spouse until July 22, 1997, when Jacob sent Laurie a letter terminating the counseling and therapy services.

Defendants Kayloe and Strongsville Psychological Services initially moved to dismiss the complaint as having been filed outside the one-year statute of limitations applicable to medical claims under R.C. 2305.11(B)(1). On the basis of *Thompson v. Community Mental Health Ctrs. of Warren Cty., Inc.* (1994), 71 Ohio St.3d 194, 642 N.E.2d 1102, Laurie opposed their motion. In its syllabus, the Supreme Court of Ohio declared: "A cause of action arising from the claimed negligence of a licensed independent social worker, a licensed psychologist or a licensed mental health care facility is not a claim for malpractice and is therefore not governed by R.C. 2305.11." The trial court initially denied the motion to dismiss but, upon reconsideration on the basis of R.C. 2305.113 and without opposition from Laurie, granted the motion to dismiss on July 29, 1999.[1]

Meanwhile, on June 15, 1999, Jacob moved for summary judgment, incorporating by reference the argument previously advanced by Kayloe and Strongsville Psychological Services, to argue that Laurie's claim against Jacob was barred by the one-year statute of limitations applicable to medical claims under R.C. 2305.11(B)(1). Laurie subsequently filed a brief opposing Jacob's arguments and

---

1. That entry did not contain a certification under Civ.R. 54(B) and therefore was not appealable.

belatedly opposing the arguments that Kayloe and Strongsville Psychological Services had advanced earlier. Laurie argued that Jacob, Kayloe, and Strongsville Psychological Services were not within the scope of R.C. 2305.113. On October 18, 1999, however, the trial court, finding that R.C. 2305.113 barred Laurie's claims against Jacob, granted Jacob's motion for summary judgment.

Laurie appealed on November 17, 1999 and his appeal asserts this assignment of error:

"The trial court erred in awarding sumary [*sic* ] judgment where there were genuine issue [*sic* ] of facts to be litigated."

Laurie's sole argument is only that the trial court erred in awarding summary judgment to Jacob.[2] Under Civ.R. 56(C), summary judgment is appropriate when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 203–204; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. The moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record that support the requested judgment. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 430, 674 N.E.2d 1164, 1171–1172. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. *Id.* See, also, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798. We review the trial court's judgment *de novo* and use the same standard that the trial court applies under Civ.R. 56(C). *Lee v. Sunnyside Honda* (1998), 128 Ohio App.3d 657, 660, 716 N.E.2d 285, 287–288; *N. Coast Cable L.P. v. Hanneman* (1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875, 878–879.

In the case at hand, it is readily apparent that the trial court awarded summary judgment to Jacob after it determined that Laurie had filed his complaint beyond the one-year statute of limitation contained in R.C. 2305.113. As we have already indicated, R.C. 2305.113 was enacted as part of Am.Sub.H.B.

---

2. Laurie's appeal does not challenge the order dismissing his complaint as to Kayloe and Strongsville Psychological Services. While his notice of appeal states only that he would "appeal the decision rendered by [the trial] court on October 18, 1999," his notice of appeal does not indicate that he contests the trial court's July 29, 1999 order that dismissed Kayloe and Strongsville Psychological Services. Moreover, Laurie served his notice of appeal only on counsel for Jacob. Laurie's appellate brief in this court contains argument directed only towards Jacob, not to Kayloe and Strongsville Psychological Services, and was similarly served only upon Jacob's counsel. This appeal therefore concerns only the award of summary judgment in favor of Jacob.

No. 350, which has since been declared unconstitutional *in toto* in *State ex rel. Ohio Academy of Trial Lawyers*, 86 Ohio St.3d 451, 715 N.E.2d 1062. It follows that the summary judgment rendered in favor of Jacob predicated on R.C. 2305.113 cannot stand. And because the court in *Thompson*, ruled that R.C. 2305.11 does not govern a claim arising from the alleged negligence of a licensed independent social worker, a licensed psychologist or a licensed mental health care facility, it follows that Laurie's complaint was not subject to the one-year time bar under R.C. 2305.11 either. Accordingly, we conclude that Jacob did not demonstrate that she was entitled to judgment as a matter of law on the grounds that Laurie's complaint was filed after the applicable statute of limitations expired.

The judgment is therefore reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

TIMOTHY E. MCMONAGLE and SPELLACY, JJ., concur.