NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0855n.06

No. 11-3227

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Aug 07, 2012**

LEONARD GREEN, Clerk

| | |
|---|---|
| AARON RAISER, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE UNITED |
| | ) STATES DISTRICT COURT FOR |
| CORPORATION OF THE PRESIDENT OF THE | ) THE SOUTHERN DISTRICT OF |
| CHURCH OF JESUS CHRIST OF LATTER- | ) OHIO |
| DAY SAINTS; LDS FAMILY SERVICES; LDS | ) |
| SOCIAL SERVICES; DOES 1-10, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Aaron Raiser, a California resident proceeding *pro se*, appeals a district court judgment granting summary judgment to the defendants in this diversity of citizenship case filed pursuant to 28 U.S.C. § 1332.

Seeking monetary relief, Raiser alleged that while he was living in Ohio with his parents, he had a verbal altercation with a church bishop of the Church of Jesus Christ of Latter-Day Saints.  The bishop subsequently asked an assistant bishop, who was a psychologist, to evaluate Raiser.  Raiser had one therapy session with the assistant bishop in 1988.  The assistant bishop allegedly disclosed the contents of his conversation with Raiser to the bishop, who then communicated the session to Raiser's father.  The bishop purportedly ordered Raiser's father to commit Raiser to a mental institution.  Raiser was committed to an institution in January 1989, released in March 1989, and re-

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

committed in December 1990. Raiser escaped the mental institution in 1991, and fled to Utah. Raiser alleged a breach of fiduciary duty, a breach of confidence, professional malpractice, and emotional distress.

The defendants moved for summary judgment. A magistrate judge denied, in part, Raiser's subsequent motion to amend his complaint and denied his motion for discovery. Raiser objected to the magistrate judge's decisions. The district court granted the defendants' motion for summary judgment and dismissed the case without ruling on Raiser's objections to the magistrate judge's order.

In his timely appeal, Raiser argues that the district court erred by granting summary judgment to the defendants; by denying his motion for leave to amend his complaint to include additional claims; and by denying his motion for discovery.

We review a grant of summary judgment *de novo*. *Dixon v. Gonzales*, 481 F.3d 324, 330 (6th Cir. 2007). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Raiser argues that the district court erred by granting summary judgment without considering his breach of confidence claim. Raiser asserts that he raised a legitimate cause of action under *Biddle v. Warren Gen. Hosp.*, 715 N.E.2d 518 (Ohio 1999). However, *Biddle* is inapplicable to this case because the cause of action only applies to physicians or hospitals who disclose nonpublic medical information to a third party. *Biddle*, 715 N.E.2d at 523.

Raiser admittedly discovered his injury in 2003 when he was informed by the General Counsel of Brigham Young University, which he was attending, that the Church had disclosed his psychiatric history. On the basis of this disclosure, Raiser sued the Church and the University in the United States District Court for the District of Utah in September 2004. The district court granted the defendants' motion for summary judgment on February 7, 2006, dismissing the action in its entirety.

Because Raiser was aware of the disclosure in 2003, but did not file his complaint in this case until 2010, his breach of fiduciary duty claim is barred by Ohio's four-year statute of limitations.

Ohio Rev. Code § 2305.09(D); *Union Sav. Bank v. Lawyers Title Ins. Corp.*, 946 N.E.2d 835, 844 (Ohio Ct. App. 2010). His claim for injury to his reputation resulting from his involuntary commitment is barred by the two-year statute of limitations contained in Ohio Revised Code § 2305.10(A). *Lawyers Coop. Publ'g Co. v. Muething*, 603 N.E.2d 969, 972–75 (Ohio 1992). Raiser's claim for the intentional infliction of emotional distress he allegedly suffered while he was involuntarily committed is also barred by the two-year statute of limitations contained in section 2305.10(A). *Id.*; *Lisboa v. Tramer*, No. 97526, 2012 WL 1142920, at *4 n.2 (Ohio Ct. App. Apr. 5, 2012). His claim for malpractice against the psychologist is barred by the four-year statute of limitations in section 2305.09(D) because the two-year statute of limitations for malpractice under Ohio Revised Code § 2305.11 does not apply to psychologists. *See Thompson v. Cmty. Mental Health Ctrs.*, 642 N.E.2d 1102, 1104 (Ohio 1994).

Raiser complains that the district court accepted as fact an excerpt from the deposition of his father. While the testimony is mentioned in the "Background" section of the opinion, it was irrelevant to the district court's reasoning and is harmless. *See* Fed. R. Civ. P. 61.

Raiser argues that the district court erred by denying his motion to amend his complaint. We review the district court's decision for an abuse of discretion. *Johnson v. City of Memphis*, 617 F.3d 864, 871 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1478 (2011). "An abuse of discretion exists only when we are left with the definite and firm conviction that the district court made a clear error of judgment." *Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 709 (6th Cir. 2012) (internal quotation marks and citation omitted).

A district court may deny a party leave to amend a complaint if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Any amendment to the complaint would have been dilatory and caused undue prejudice to the defendants.

Raiser wished to raise a claim of fraud. However, the claim would have been barred by the four-year statute of limitations of section 2305.09(C). *Dibert v. Carpenter*, 961 F.2d 1217, 1223 (Ohio Ct. App. 2011). Raiser also wanted to add claims of spoliation, conspiracy, and clergy malpractice, but the allegations do not contain the necessary facts required by Ohio law. *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 534 (6th Cir. 2000); *Smith v. Howard Johnson Co.*, 615 N.E.2d 1037, 1038 (Ohio 1993); *Strock v. Pressnell*, 527 N.E.2d 1235, 1239–40 (Ohio 1988).

The district court did not abuse its discretion in denying Raiser discovery following the defendants' motion for summary judgment. *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009). Raiser's claims were barred by the applicable statutes of limitations, meaning that discovery would have been meaningless. Thus, the district court's decision did not affect Raiser's substantial rights. *Id*.

Finally, Raiser contends that the district court erred by failing to rule on his timely objections to the magistrate judge's decision. *See* Fed. R. Civ. P. 72(a). However, by granting summary judgment to the defendants, the district court implicitly overruled Raiser's objections. *See Fielding v. Tollaksen*, 510 F.3d 175, 179 (5th Cir. 2007).

The district court's judgment is affirmed.