RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0036p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

STEPHEN VENEKLASE and REBECCA
VENEKLASE,

                *Plaintiffs-Appellants,*

     *v.*

BRIDGEWATER CONDOS, L.C.,

                *Defendant-Appellee.*

No. 10-1794

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 09-00321—Ellen S. Carmody, Magistrate Judge.

Argued: October 7, 2011

Decided and Filed: February 6, 2012

Before: CLAY, GIBBONS, and WHITE, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** David W. Charron, CHARRON & HANISCH, PLC, Grand Rapids, Michigan, for Appellants. Brent W. Boncher, SCHENK, BONCHER & RYPMA, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** David W. Charron, Heidi L. Hohendorf, CHARRON & HANISCH, PLC, Grand Rapids, Michigan, for Appellants. Brent W. Boncher, Gary P. Schenk, Curtis D. Rypma, SCHENK, BONCHER & RYPMA, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

JULIA SMITH GIBBONS, Circuit Judge. In this case involving a contract dispute surrounding the purchase of a condominium unit, plaintiffs-appellants Stephen and Rebecca Veneklase ("the Veneklases") appeal the district court's order denying their motion for summary judgment, dismissing their state law claims without prejudice, and

awarding defendant-appellee Bridgewater Condos, L.C. ("Bridgewater") their cash deposit. The Veneklases argue that the district court incorrectly interpreted provisions of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq.*, under which the Veneklases brought an action to rescind their purchase agreement. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

## I.

On April 18, 2006, the Veneklases entered into an agreement with Bridgewater for the purchase of unit 79 in a condominium project known as River House at Bridgewater Place. The purchase price for the unit was $395,900. The Veneklases made a cash deposit on the property in the amount of $9,877 and executed a promissory note in favor of Bridgewater in the amount of $19,795. In addition, the Veneklases had previously made a $2,000 cash deposit as part of a reservation agreement.

On February 24, 2009, the Veneklases were notified that a closing on unit 79 had been scheduled for March 19. The Veneklases directed their attorney to notify Bridgewater that they did not intend to close on the unit and that they desired to rescind the purchase agreement. On March 17, the Veneklases' counsel sent Bridgewater a letter indicating the Veneklases' intention not to close and requesting that Bridgewater rescind the purchase agreement and promissory note and return the Veneklases' deposits. Bridgewater declined to do so. The Veneklases' counsel then sent Bridgewater a "notice of exercise of their cancellation rights" on March 24.

## II.

On April 1, the Veneklases filed a two-count complaint against Bridgewater in the United States District Court for the Western District of Michigan. The complaint alleged that Bridgewater violated the ILSFDA by failing to provide the Veneklases with a printed property report, as required by 15 U.S.C. § 1703(a)(1)(B). The Veneklases also alleged that Bridgewater, in violation of 15 U.S.C. § 1703(c), failed to include a provision in the purchase agreement notifying the Veneklases that in event

Bridgewater failed to furnish a property report in advance of their execution of the purchase agreement, the Veneklases had the right to revoke the purchase agreement within two years of the date of its signing. The Veneklases claimed damages, including the loss of their deposit and interest on that deposit, as well as any sums they might be required to pay in connection with unit 79. They sought a judgment in their favor "for rescission or revocation of the Purchase Agreement and for monetary damages in an amount determined by [the] Court, together with costs and attorneys fees, pursuant to 15 U.S.C. § 1709; and . . . such further relief as [the] Court deems fair, just and equitable, pursuant to 15 U.S.C. § 1709."

The Veneklases also asserted a claim under the Michigan Condominium Act ("Condo Act"), Mich. Comp. Laws Ann. § 559.184 (West 2011). Under the Condo Act, the Veneklases sought a judgment enforcing their right to rescission, ordering the return of their deposit along with interest on their deposit, and awarding them monetary damages, costs and attorneys' fees, along with such further relief as the court deemed fair, just and equitable. Bridgewater answered the complaint and asserted counterclaims against the Veneklases for specific performance and breach of contract, both under Michigan law.

The Veneklases moved for summary judgment on their complaint and Bridgewater's counterclaims. In their summary judgment motion, the Veneklases argued that they were entitled to rescind the purchase agreement pursuant to the ILSFDA because, despite the fact that more than two years had lapsed between their signing of the purchase agreement and their request to rescind the agreement, the two-year period contained in ILSFDA § 1703(c) did not begin to run until the developer provided the purchaser with notice of the right to rescind. They argued that because Bridgewater had never notified them of their right to rescind the purchase agreement, their March 2009 rescission notification was timely. The Veneklases argued that they were also entitled to summary judgment on their Condo Act claim.

Bridgewater opposed the Veneklases' motion, arguing that the plain language of 15 U.S.C. § 1703(c) provided a right to rescind only within two years of the date of the

Veneklases' signing of the purchase agreement, a time limit not extended by Bridgewater's failure to apprise them of that right. Bridgewater also argued that it did not violate the Condo Act, and therefore the Veneklases were not entitled to rescind the purchase agreement under that statute. Bridgewater argued that summary judgment should be entered in its favor on the Veneklases' claims under the ILSFDA and the Condo Act.

On May 17, 2010, the district court issued an opinion holding that the Veneklases' claim for rescission under ILSFDA § 1703(c) was untimely. The court rejected the Veneklases' argument that ILSFDA § 1711, which establishes a three-year statute of limitations, extended the period in which a purchaser could bring a rescission claim under § 1703(c) to three years. The court reasoned that reading the three-year limitations period as applying to a claim brought under § 1703(c) would effectively excise the time limitations imposed by § 1703(c). The court attempted to harmonize the two provisions by holding that a purchaser must notify the developer or seller of his rescission within two years after the signing of a purchase agreement, pursuant to § 1703(c). But a purchaser had an additional third year to bring suit if the developer or seller refused to honor the rescission, as described under § 1711. The court rejected the Veneklases' argument that ILSFDA § 1711, which establishes a three-year statute of limitations, extended the period in which a purchaser could bring a rescission claim under § 1703(c) to three years. The court concluded that the Veneklases had no right to rescind because they did not exercise the right until March of 2009, more than two years after they signed the purchase agreement on April 18, 2006. The court granted summary judgment on the ILSFDA claim in favor of Bridgewater.[1]

The court dismissed the parties' state law claims over which it had exercised supplemental jurisdiction—the Veneklases' claim under the Condo Act and Bridgewater's state law breach of contract counterclaim—pursuant to 28 U.S.C. § 1367(c)(3). The court also awarded Bridgewater the Veneklases' cash deposit.

---

[1]The court entered summary judgment in the Veneklases' favor on Bridgewater's counterclaim for specific performance after a third party purchased unit 79, an issue not in dispute on appeal.

III.

We review a district court's grant of summary judgment *de novo.  Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).   "[S]ummary judgment is appropriate if the pleadings together with depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

We review a district court's decision declining to exercise supplemental jurisdiction for an abuse of discretion. *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010).  An abuse of discretion exists only when we are left with "the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors."  *Id.* (internal quotation marks omitted).

IV.

The Veneklases first argue that the district court erred in granting summary judgment on their ILSFDA claim in favor of Bridgewater after erroneously concluding that their rescission claim, brought under 15 U.S.C. § 1703(c), was untimely.  They claim that Bridgewater's failure to include notice of their right to rescind in the purchase agreement extended the period during which they could rescind under § 1703(c) until two years after the disclosure was correctly made.  The Veneklases contend that since the disclosure was never made, they timely rescinded the purchase agreement in March 2009.

Bridgewater urges us to endorse the district court's interpretation: that ILSFDA § 1703(c) allows a purchaser to rescind only within two years of signing a purchase agreement and a purchaser thereafter has an additional third year within which to bring suit, consistent with § 1711, if the developer or seller refuses to honor the rescission. Bridgewater argues that the statutory two-year period runs from the date the purchase agreement is signed, regardless of whether or not the agreement contained a recital of the purchaser's right to rescind within two years, as required by § 1703(c).

The ILSFDA is an anti-fraud statute which "utiliz[es] disclosure as its primary tool, much like the securities laws." *Winter v. Hollingsworth Props., Inc.*, 777 F.2d 1444, 1447 (11th Cir. 1985). Section 1703(a) of the ILSFDA makes it unlawful

> for any developer or agent . . . to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails . . . to sell . . . any lot unless a printed property report,[2] meeting the requirements of section 1707 of [the ILSFDA], has been furnished to the purchaser . . . in advance of the signing of any contract or agreement by such purchaser . . . .

15 U.S.C. § 1703(a)(1)(B).

If a property report is required by the ILSFDA and not provided to the purchaser in advance of his signing the purchase agreement, the "contract or agreement may be revoked at the option of the purchaser . . . within two years from the date of such signing, and such contract or agreement shall clearly provide this right." 15 U.S.C. § 1703(c).

ILSFDA § 1709 provides, in pertinent part:

> (a) Violations; relief recoverable
>
> A purchaser . . . may bring an action at law or in equity against a developer or agent if the sale . . . was made in violation of section 1703(a) of this title. In a suit authorized by this subsection, the court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable.
> . . .
> (b) Enforcement of rights by purchaser or lessee
>
> A purchaser . . . may bring an action at law or in equity against the seller . . . to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title.

---

[2] A property report "is an extensive disclosure that must include such information as, *inter alia*, identification of interested persons; a legal description of the subdivision; a statement of the condition of title to the land; a statement of general terms and conditions (including the range of selling prices); a statement of the present condition of access to the subdivision, existence of unusual conditions relating to noise or safety, availability of sewage disposal and other public utilities, proximity to nearby municipalities, and the nature and completion schedule for proposed improvements; statements relating to any blanket encumbrances; and such other information as the Secretary of HUD might require as reasonably necessary or appropriate for protection of purchasers." *Pigott v. Sanibel Dev., LLC*, 576 F. Supp. 2d 1258, 1267 (S.D. Ala. 2008) (citing 15 U.S.C. §§ 1705, 1707).

15 U.S.C. §§ 1709(a), (b).

>    Section 1711 of the ILSFDA establishes limitations on actions as follows:
>
>    (a) Section 1703(a) violations
>
>    No action shall be maintained under section 1709 of this title with respect to–
>
>    (1) a violation of subsection (a)(1) . . . of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; . . .
>
>    (b) Section 1703(b) to (e) violations
>
>    No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser.

15 U.S.C.A. § 1711.

The few federal courts that have addressed the issue squarely have struggled to reconcile § 1711's three-year statute of limitations with § 1703's two-year rescission period.  In *Jankus v. Edge Investors, L.P.*, 619 F. Supp. 2d 1328 (S.D. Fla. 2009) ("*Jankus I*"), the Southern District of Florida reversed its prior holding that "a rescission claim under § 1703(c) requires compliance with *both* § 1703(c)'s two year window for invoking the buyer's right of rescission *and* § 1711(b)'s three year statute of limitations for filing suit based on a seller's refusal to honor the rescission demand—regardless of whether the contract contains the statutorily prescribed notice of the buyer's right to rescission."  *Jankus I*, 619 F. Supp. 2d at 1335, *withdrawn and superseded on reconsideration*, 650 F. Supp. 2d 1248 (S.D. Fla. 2009) ("*Jankus II*").  The court reasoned that it had erroneously equated § 1703(c)'s two-year statutory rescission period with a statute of limitations bar.  *Id.* at 1336.  Unlike a statute of limitations bar, § 1703(c) did not, by its terms, prescribe the date by which suit had to be filed.  *Id.*  The two-year period was more analogous to a condition precedent to suit, waivable by the seller, than to a statute of limitations.  *Id.*  The court held that the seller waived this condition precedent to suit when he failed to include notice of the buyer's rescission

right in the buyer's purchase contract, as required by § 1703(c). *Id.* at 1337–38. The court concluded "[w]here, as here, the required property report disclosures [*sic*] is never made, the buyer's rescission period runs the full length of the three year statute of limitations prescribed at 15 U.S.C. § 1711(b)." *Id.* at 1338. The court further held that the two-year rescission period applied only when the seller included notice of the buyer's rescission right in the purchase contract. *Id.*

We find the reasoning of *Jankus I* to be flawed. Section 1703(c) does not establish a condition precedent to suit as *Jankus I* held—indeed, the text of the statute contains no conditional language whatsoever. *Jankus I*'s interpretation of the statute is therefore inconsistent with its plain language. Moreover, *Jankus I* was withdrawn and superseded on reconsideration. *See Jankus II*, 650 F. Supp. 2d 1248 (S.D. Fla. 2009). In *Jankus II*, the court concluded that the ILSFDA did not apply to the purchase agreement at issue, rendering *Jankus I* of little persuasive authority.

In *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269, 1273–75 (S.D. Ala. 2008), the Southern District of Alabama analyzed the relationship between §§ 1703 and 1711 and concluded that the plaintiff-buyers had only two years within which to avail themselves of the rescission right created by § 1703(c), regardless of whether the seller had disclosed the buyers' right to rescind in the contract. The *Holiday Isle* plaintiffs argued that the "two-year period for rescission specified in § 1703(c) was trumped by the three-year limitations period for filing a lawsuit as provided by § 1711." *Id.* at 1273. The court rejected this proposed construction, in which the buyer's failure to exercise the right to rescind within two years would be cured so long as he filed suit within three years of signing the purchase contract, because this construction "would effectively excise from the ILSFDA the language in § 1703(c) setting a two-year period for a purchaser to rescind an agreement for want of a property report." *Id.* This "would contravene the fundamental principle that, to the extent possible, the rules of statutory construction require courts to give meaning to every word and clause in a statute." *Id.* (internal quotation marks and citation omitted.)

The court harmonized §§ 1703(c) and 1711(b) by construing the ILSFDA as requiring a potential plaintiff to comply with *both* provisions. *Id.* To maintain a claim under § 1703(c), the buyer had to exercise the right to rescind within two years but then had a third year within which to enforce the right in court if the seller refused to honor the timely rescission. *Id.* The court noted that this interpretation comported with the act's legislative history. *Id.* n.8 ("[L]egislative history accompanying the 1979 amendments to the ILSFDA explains that 'while retaining the two-year revocation period for failure to provide the property report, that right must be clearly indicated in the contract or agreement *and a purchaser or a lessee has a third year in which to sue to enforce* the right.'" (quoting H.R. Rep. No. 96-154, at 36 (1976) (emphasis in original)).

The court rejected the buyers' argument that they should not be held to the two-year period in § 1703(c) because the developer failed to include in the purchase agreements the requisite notice of the buyers' right to rescind. *Id.* at 1274. The court held

> [N]othing in the ILSFDA states that failure to disclose the right to rescind in the purchase agreement obviates, tolls or extends the two-year deadline for rescission. Nothing in the statute says that the two-year period prescribed by § 1703(c) runs from the date that purchasers discovered or should have discovered they had a right to rescind. Plaintiffs would thus apparently have this court engraft new language onto the relevant provisions of the ILSFDA by judicial fiat, substituting its judgment for that of the legislature. Courts are quite naturally leery of interpreting statutes in a manner that effectively tacks on new language that Congress did not see fit to include.

*Id.* at 1274–75 (footnote omitted).[3]

We find the analysis of *Holiday Isle* persuasive. By its plain language, 15 U.S.C. § 1703(c) allows a buyer who is not provided with the required property report two years

---

[3]The *Holiday Isle* interpretation was endorsed by the Middle District of Tennessee in *Venezia v. 12th & Division Properties, LLC*, 679 F. Supp. 2d 842, 849–50 (M.D. Tenn. 2009). *Accord Orsi v. Kirkwood*, 1992 WL 511406, at *3 (E.D. Va. April 14, 1992) ("To apply sections 1711(a) and (b) regardless of Congress's mandate regarding rescission claims would read section 1703(c) out of existence."); *but see Plaza Court, L.P. v. Baker-Chaput*, 17 So.3d 720, 728 (Fla. Dist. Ct. App. 2009).

from the date of signing within which to rescind the agreement.  15 U.S.C. § 1703(c) states that

> In the case of any contract or agreement for the sale . . . of a lot for which a property report is required . . . and the property report has not been given to the purchaser . . . in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser . . . *within two years from the date of such signing* . . . .

(Emphasis added).

Nothing in § 1703(c)'s language indicates that a developer's failure to provide the required property report "obviates, tolls or extends the two-year deadline for rescission." *Holiday Isle*, 561 F. Supp. 2d at 1274.  The Veneklases' proposed construction—that Bridgewater's failure to include notice of their right to rescind in the purchase agreement extends the period in which they could rescind under § 1703(c) until two years after the disclosure was correctly made—would not give effect to the clause of § 1703(c) establishing a two-year window *from the date of signing* within which the buyer must exercise the rescission right.  Such a construction would contravene the principle that we are required to give effect, if possible, to every clause and word of a statute. *See American Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 716 (6th Cir. 2007).  Therefore, we adopt the construction outlined in *Holiday Isle*, which gives effect to *both* § 1703(c)'s two-year limit *and* § 1711's three-year statute of limitations. We hold that a purchaser or lessee must comply with both § 1703(c)'s two-year limit for exercising the right of rescission and § 1711(b)'s three-year limit for filing suit based on the seller's refusal to honor the buyer's rescission.[4]

---

[4]This interpretation does not hold developers harmless for their failure to provide proper notice of rescission rights as mandated by the ILSFDA.  As we explain below in more detail, § 1703 does not provide the only remedy for a buyer who has not received the required property report or notice of rescission rights.  Section 1709 provides:

> A purchaser or lessee may bring an action at law or in equity against the seller or lessor (or successor thereof) to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of [the ILSFDA].

15 U.S.C. § 1709.

Thus, a purchaser who does not receive the mandatory notice of rescission rights may bring suit and recover damages or obtain other equitable relief under § 1709(b).

Accordingly, the district court properly concluded that the Veneklases' claim for rescission under §1703(c) was untimely, as it was exercised more than two years after the date on which the purchase agreement was signed.  We therefore affirm this portion of the district court's judgment.

V.

A.

The Veneklases next argue that the district court erred in dismissing their entire ILSFDA claim without analyzing their entitlement to equitable relief under 15 U.S.C. § 1709.  They argue that, in addition to the automatic rescission right provided by §1703(c), § 1709 provides a buyer with an equitable rescission remedy if a purchase agreement fails to comply with the ILSFDA.

The Eleventh Circuit recently recognized the availability of equitable rescission as a remedy under § 1709 even when the buyer has not timely rescinded his purchase agreement under § 1703.  In *Gentry v. Harborage Cottages-Stuart, LLLP*, 654 F.3d 1247, 1261–63 (11th Cir. 2011), the Eleventh Circuit affirmed the district court's award of equitable relief—in the form of the return of plaintiff-buyers' deposits—under 15 U.S.C. § 1709(b), even though those buyers had not timely exercised their right of rescission under § 1703(c).  *Gentry*, 654 F.3d at 1262.  The court reasoned that § 1709(b) permits a buyer to seek equitable relief for the developer's failure to provide notice of the buyer's rescission right, because such failure is a violation of § 1703(c), and § 1709(b) allows a buyer to recover in equity for violations of § 1703(c).  *Id.*  The court rejected the developer's argument that allowing the buyers to claim their deposits as equitable relief under § 1709(b) effectively read the time requirements of § 1703(c) out of the ILSFDA.  *Id.*  It reasoned as follows:

> The two-year limitation period in § 1703(c) governs those circumstances in which an aggrieved purchaser seeks to enforce an automatic, unconditional right to revoke if the requirements of the subsection are met.  On the other hand, the three-year limitation period in 15 U.S.C. § 1711 governs those circumstances in which a purchaser seeks rescission that is not automatic, but must be supported by proper proof.

> In other words, the automatic revocation or [rescission] remedy in § 1703(c) itself is not the only revocation or [rescission] remedy. In addition to that remedy, § 1709(b) permits a purchaser to obtain the deposit as an equitable remedy if the purchaser shows that the remedy is justified by the facts of a specific case.

*Id.*

We agree with *Gentry*'s analysis. ILSFDA §§ 1709(a) and (b) both authorize the award of equitable relief for violations of the ILSFDA. Section 1709(a) provides that "[a] purchaser . . . may bring an action at law *or in equity* against a developer . . . if the sale or lease was made in violation of section 1703(a) of [the ILSFDA]" and further provides that "[i]n a suit authorized by this subsection, the court may order damages, specific performance, *or such other relief as the court deems fair, just, and equitable.*" 15 U.S.C. § 1709(a) (emphasis added). Section 1709(b) provides that "[a] purchaser . . . may bring an action at law *or in equity* against the seller . . . to enforce any right under subsection (b), (c), (d), or (e) of subsection 1703 of [the ILSFDA]." 15 U.S.C. § 1709(b) (emphasis added). Nothing in the language of § 1703(c) suggests that the automatic rescission remedy created by that section is the *only* rescission remedy available under the ILSFDA, or that § 1703(c) somehow circumscribes the relief available to buyers under §§ 1709(a) and (b). Construing §§ 1709(a) and (b) as authorizing plaintiffs to seek—and the court to award—all equitable relief *except rescission* would not give full effect to the unambiguous statutory language of these provisions. Rather, §§ 1709(a) and (b) can be read in harmony with § 1703(c) by construing § 1703(c) as creating an automatic statutory right of rescission, which must be exercised within two years from the date of signing the purchase agreement, and construing §§ 1709(a) and (b) as creating a right to equitable rescission, available within three years of the date of the signing of the contract, but only if the buyer can prove entitlement to equitable relief. This interpretation is supported by the fact that equitable rescission is a distinct remedy from the remedy of automatic rescission provided in § 1703(c). To be entitled to automatic rescission under § 1703(c) a buyer is only required to prove that a property report was not provided and that he exercised his right to rescind the contract within two years of its signing. By contrast, to establish entitlement to equitable rescission, a buyer

must show that the seller did not include the required notice of rescission rights and that he would have timely revoked his purchase contract had he been notified of the two-year window within which he could rescind it. *See Gentry*, 654 F.3d at 1262 (affirming district court's award of equitable relief to buyers who averred that they would have timely revoked their contracts had they been notified of two-year window for automatic rescission).[5]

The plain language of ILSFDA §§ 1709(a) and (b) allow the district court to award any equitable relief it deems appropriate based on plaintiff's proof—not any equitable relief save rescission. Because the district court did not address whether the Veneklases were entitled to equitable rescission under ILSFDA §§ 1709(a) and (b), we reverse and remand to the district court to allow it to make this determination.

## B.

Bridgewater argues that even if there is a right to equitable rescission under the ILSFDA § 1709, the Veneklases did not adequately plead and prove their entitlement to equitable rescission because they did not allege that Bridgewater's omission of notice of their rescission rights from the purchase agreement was material. The adequacy of the Veneklases' pleading is a matter squarely within the competence of the district court, and we entrust that court to address the adequacy of the Veneklases' pleading on remand.

Bridgewater's argument that the Veneklases did not adequately prove their entitlement to equitable rescission is meritless. The Veneklases did not move for summary judgment on the ground that they were entitled to equitable rescission under § 1709, and Bridgewater did not file a cross-motion for summary judgment.

---

[5]In *Plant v. Merrifield Town Ctr. Ltd. Partnership*, 711 F. Supp. 2d 576, 592 (E.D. Va. 2010), the Eastern District of Virginia held that equitable rescission was available if a buyer could prove: "(i) that ILSFDA violations occurred, (ii) that these violations were material or, in other words, that they would have influenced a reasonable purchaser's decision *to enter into* the contract for sale, and (iii) either that rescission would restore the parties to the *status quo ante*, or that the equities of the situation demand rescission." *Id.* at 592 (emphasis added.) We hold that a buyer adequately demonstrates his entitlement to equitable rescission when he shows that he would have timely *rescinded* his purchase contract within the two-year window if he had been properly notified of his rights. The buyer need not show that he would not have *entered* the contract had he been properly notified of his rights.

Accordingly, neither party has yet presented any evidence or argument on the Veneklases' entitlement to equitable rescission under § 1709.

C.

In the alternative to their demand to rescind the purchase agreement, the Veneklases sought to recover damages from Bridgewater. The district court never addressed the merits of the Veneklases' damages claim.

Bridgewater argues that the entire ILSFDA claim was properly dismissed, even though the district court did not address the merits of the Veneklases' damages claim, because the Veneklases were required to elect a remedy, they elected to pursue rescission as their remedy, and therefore they may not now recover damages. However, Bridgewater did not plead election of remedies as an affirmative defense. It is well established that in order for the defense of election of remedies to be available it must be pled by the party. *See Bagwell v. Susman*, 165 F.2d 412, 415 (6th Cir. 1948); *accord Guy James Constr. Co. v. Trinity Indus., Inc.*, 644 F.2d 525, 530 (5th Cir. 1981); *Kuhl v. Hayes*, 212 F.2d 37, 39 (10th Cir. 1954). The defense of election of remedies is an affirmative defense; as such it must ordinarily be raised in the answer. *Bagwell,* 165 F.2d at 415; *accord Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 984 F.2d 223, 228 n.2 (7th Cir. 1993). In any event, the defense of election of remedies may not be raised for the first time on appeal. *See Guy James*, 644 F.2d at 530 ("[Defendant] not only failed to plead [the defense of election of remedies], but also failed to litigate this issue in the trial court. Consequently, because [defendant] did not demand an election, it waived the benefit of the doctrine.").

Bridgewater did not plead election of remedies as an affirmative defense, raising this defense for the first time on appeal. Accordingly, Bridgewater has waived this defense, and the Veneklases may seek rescission and damages as alternative remedies.

D.

Bridgewater claims that even if the Veneklases could simultaneously seek rescission of the purchase agreement and damages, there were no allegations pled and no proof offered that Bridgewater's ILSFDA violations caused the Veneklases damages. We disagree. The Veneklases explicitly alleged in their complaint that "[a]s a result of Developer's violations of the [ILSFDA], the Veneklases have incurred damages including, but not limited to, the loss of the Deposit and interest on the Deposit, as well as any sums which the Veneklases might be required to pay in connection with the Unit, which sums the Veneklases either would have recovered or would not be required to pay had the Developer not violated the [ILSFDA]." Thus, the Veneklases did plead damages; whether they can present sufficient proof of these damages is an issue to be adjudicated before the district court.

VI.

We must next determine whether the district court erred in dismissing the Veneklases' Condo Act claim and Bridgewater's cross-claim for breach of contract without prejudice.

Pursuant to 28 U.S.C. § 1367(a)

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(c)(3) provides, however, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if– . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).

The district court believed that, in denying the Veneklases' rescission claim under ILSFDA § 1703(c), it had dismissed all the federal claims in this case. It then declined to exercise supplemental jurisdiction over the parties' state law claims. This

was error both because the Veneklases still had a claim for equitable rescission under the ILSFDA §§ 1709(a) and (b), *see infra* at § V.A, and because the Veneklases pled a damages claim under the ILSFDA which the district court did not adjudicate, *see infra* at §§ V.C & D. Therefore, the district court did not dismiss all claims over which it had original jurisdiction; it retains original jurisdiction over the Veneklases' ILSFDA claim.

"[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998). The district court may only decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Because the district court retains original jurisdiction over the ILSFDA claim and the supplemental state law claims are part of the same case or controversy as the ILSFDA claim, the district court erred in dismissing the supplemental state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, we reverse the district court's dismissal of the parties' state law claims and remand the proceedings to the district court to allow it to address the question of whether it wishes to exercise supplemental jurisdiction over the state law claims given that a federal claim remains pending.

VII.

The final issue we must address is whether the district court erred when it awarded Bridgewater the Veneklases' cash deposit.

The district court did not articulate a reason for awarding the Veneklases' cash deposit to Bridgewater. It dismissed Bridgewater's breach of contract counterclaim

without prejudice and declined to exercise supplemental jurisdiction over that claim.[6] The district court therefore erred in simultaneously dismissing Bridgewater's breach of contract claim and awarding it damages on that claim. Accordingly, we reverse the district court's award of the Veneklases' cash deposit to Bridgewater.

## VIII.

For the foregoing reasons, we affirm the district court's holding that the Veneklases were untimely in exercising their right to automatically rescind their purchase agreement under 15 U.S.C. § 1703(c). We conclude, however, that the remedy of equitable rescission provided by 15 U.S.C. § 1709 may be available to the Veneklases, and accordingly we remand for further proceedings on the merits of the Veneklases' entitlement to equitable rescission. We reverse the district court's dismissal of the parties' state law claims and remand to allow the district court to determine whether to exercise supplemental jurisdiction over these claims given the continued viability of the Veneklases' ILSFDA claim. Finally, we reverse the district court's award of the Veneklases' cash deposit to Bridgewater.

---

[6]The district court previously granted the Veneklases' motion for summary judgment in part as to Bridgewater's specific performance counterclaim, due to the intervening purchase of unit 79 by a third party not involved in this suit.